### E. M. CHANCE v. WHARTON BRANCH.

(Case No. 1542.)

1. LIMITATION.— It is essential to possession of land, in order to defeat a recovery or vest a right under the statutes of limitation, that it should be adverse. If the original entry be not with the intention of claiming the premises, and the possession is continued by the permission of the true owner, and with the understanding between the parties that the true owner is at all times to be regarded as the proprietor, notwithstanding such possession, it is not adverse and can never ripen into title.

2. CASES APPROVED.— Portis v. Hill, 3 Tex., 279, and Gillespie v. Jones, 26 Tex., 346, approved.

3. FACT CASE.— See opinion for facts under which it was held that the possession of land was not adverse.

4. STATEMENT OF FACTS.— When a cause is tried before the judge without a jury, in the absence of a statement of facts, the conclusions of fact made out and filed by the judge under the statute must be regarded as embracing substantially the facts proved on the trial.

APPEAL from Hardin. Tried below before the Hon. Edwin Hobby.

The opinion states the case.

*Tom J. Russell*, for appellant.

I. The statute of limitation begins to run when a cause of action accrues to the holder of the legal title, that is, when suit might be commenced to dispossess the actual occupant of the land without title by the holder of the legal title. Walling v. Wheeler, 39 Tex., 480; Horton v. Crawford, 10 Tex., 382; 26 Tex., 551.

II. That adverse possession began when the appellant went into possession of the land without consent of the owner of the legal title to the Duncan league. Portis v. Hill, 3 Tex., 273; Wheeler v. Moody, 9 Tex., 372; Cunningham v. Frandtzen, 26 Tex., 34; Taylor v. Horde, 2 Smith's Leading Cases, 324, American notes.

III. That the fact of adverse possession of land depends on the actual occupation, open, notorious and visible, and by use and culti-

vation and enjoyment, and not upon the verbal declarations of the
actual occupant as to his claim.   Gillespie v. Jones, 26 Tex., 343;
Wheeler v. Moody, 9 Tex., 372; Cunningham v. Frandtzen, 26 Tex.,
34, and 38 Tex., 591; Taylor v. Horde, 2 Smith's Leading Cases,
324.   When plaintiff went into possession in January, 1860, he did
not know that he was on the Duncan league; thought that he was just
west of it; did not know any better until in 1871, but continued to
live there and claim the place.   No evidence that defendants knew
of plaintiff's mistake about his location, nor that defendants failed
to bring suit to dispossess plaintiff on account of his declarations as
to his location.

IV.  There was no fraud or imposition practiced upon the holder
of the legal title to the Duncan league by the declarations of the ap-
pellant, as the owner never heard of them, nor was influenced by
them in not bringing suit against appellant.   Scoby v. Sweatt, 28
Tex., 713; Watson v. Hewit, 45 Tex., 472; Kinney v. Vinson, 32
Tex., 125.

V.  The question of good or bad faith on the part of the actual
settler upon the lands of another during the time of cultivation,
use and enjoyment thereof, without the consent of the owner, does
not determine the fact whether there is an adverse possession of the
lands by the settler upon them.   Kinney v. Vinson, 32 Tex., 125;
Gillespie v. Jones, 26 Tex., 343; Charle v. Saffold, 13 Tex., 94;
Thomas v. Brooks, 6 Tex., 369.

VI.  The question of adverse possession is determined by the open,
notorious and visible possession by means of improvements, such as
a house, and a field inclosed with a fence, and both occupied by the
settler.   Wheeler v. Moody, 9 Tex., 372; Taylor v. Horde, 2 Smith's
Leading Cases, 324, American notes.

VII.  The knowledge on the part of the actual settler upon the
land as to what league or survey he was upon, or whether it was
titled land or not, does not establish the fact of adverse possession
or the time when the same begins to run.   Gillespie v. Jones, 26
Tex., 343.

VIII.  The owner of the land is chargeable with notice of the
actual occupation of his land by another, and is bound by the same,
whether he actually knows the fact or not, and must abide the con-
sequences of his own negligence.   Kinney v. Vinson, 32 Tex., 125;
Gillespie v. Jones, 26 Tex., 343, and other cases cited above; Hor-
ton v. Crawford, 10 Tex., 382.

IX.  The question of intention on the part of the actual settler
upon the lands of another without the consent of the owner, as to

whether the settler holds or intends to hold adversely to the owner, does not determine the fact of adverse possession in this case, nor have any effect whatever in determining the case. Gillespie v. Jones, 26 Tex., 343, and cases cited *supra.*

X. The fact of adverse possession is determined by the open, notorious and visible use and occupation, and is a question of fact to be determined by the acts of use and occupation, and not by the ideas in the head of the occupant of the soil. Portis v. Hill, 3 Tex., 273; Horton v. Crawford, 10 Tex., 382; Mooring v. Campbell, 47 Tex., 37; Moody v. Holcomb, 26 Tex., 714; Word v. Drouthett, 44 Tex., 366; Holiday v. Cromwell, 37 Tex., 437.

*Barnard,* for appellee.

WILLIE, CHIEF JUSTICE.— This cause was submitted to the judge below, no jury having been demanded, and in the absence of a statement of facts his conclusions found and filed under the statute must be taken as embracing substantially the facts proven on the trial. These show, among other things, that the appellant settled upon the land in controversy in January, 1869, and built a house and inclosed three or four acres with a fence, and occupied the same up to 1881. That he intended, in so settling upon the land, to claim a pre-emption right in it as vacant land. That he knew there was adjoining his settlement the Elisha Duncan league, which he recognized as belonging to the appellees, and to which he asserted no claim. That the lines of this league immediately adjacent to his settlement were not so well designated that he could tell positively whether or not he was inclosing a part of it, and he endeavored, and it was his purpose, not to embrace any part of the Duncan league in his pre-emption survey, but to run his lines so as to include only vacant land. That he stated to the owners of the Duncan league at various times during his occupancy of his survey that he made no claim to said league or any part of it, and that he would notify the owners of the league adjacent to his settlement of trespasses upon it. The lines of Chance's survey were run by the county surveyor under order of court in this cause, and were found to embrace a portion of the Duncan league, of which portion Chance had been in possession without knowing the fact, and without intending to be in possession of the part embraced in the Duncan survey.

Upon these facts the court below concluded that Chance's possession was not adverse to the owners of the Duncan league, and that he could not claim any portion of it by limitation. It is essential to a

possession of land, in order to defeat a recovery or vest a right under the statutes of limitation, that it should be adverse. The true owner must be disseized by the entry and occupation of the party setting up the statute, which is not the case if he enters or holds in subordination to the adverse title.

If the original entry be not with the intention of claiming the premises, and the possession is continued by his permission, and with the understanding between the parties that the true owner is at all times to be regarded as the proprietor notwithstanding such possession, it is not adverse and can never ripen into title. Angell on Limitation, § 384; Cholmondely v. Clinton, 2 Jac. & W., 1.

In Portis v. Hill, 3 Tex., 279, this court adopted the language of the author above referred to, and held that there must be an actual, visible and exclusive appropriation of the land, commenced and continued under a claim of right. They further held that this claim must be either open and avowed, or constructive, showing an intention to claim against him who was seized.

Again, in Gillespie v. Jones, 26 Tex., 346, it is said that a party cannot claim the benefit of the statute unless his possession has been in point of fact adverse to the title which he seeks to resist; and "to constitute this there must be an open, visible and exclusive possession, that the adverse claimant may be thus notified that his title is disputed."

Applying these principles to the facts of this case, we find that the possession of Chance was in no sense adverse. He entered upon the land of appellees through mistake and with no intention of claiming it. So soon as he discovered the mistake he recognized the rights of the true owners, and constantly notified them that he made no claim to their land, and offered to act as their agent in keeping off trespassers in his neighborhood. Such acts as these do not show an open, visible and exclusive appropriation of the land to himself in opposition to the title of the owner, but on the contrary, an entry by mistake upon the lands of another not intending to claim them, and a subsequent holding in subordination to the true title.

The appellant is brought exactly within the condition of one who cannot set up the statute as laid down by Mr. Angell, when he says: That "so long as the possessor declares that he holds in subordination to the better title, the possession will be regarded as held by consent; nor will a continued possession after such declarations avail to mature a title under the statute of limitations, until the party has changed the character of his possession either by express declarations, or by the exercise of acts of ownership inconsistent

with a subordinate character."   Angell on Limitation, § 354. We think the court held rightly that the possession was not adverse, and that the statute could not avail the appellant, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered February 2, 1883.]