### JAMES FORSOD v. W. L. GOLSON.

#### No. 6582.

1. **Limitation of Ten Years.**—Occupation by successive parties with occasional cultivation without claim of ownership will not support the plea of ten years limitation, although such occupancy was continued for the term of ten years.

2. **Charge.**—Where the testimony shows such occupancy without claim of ownership and for over ten years of the land in controversy, it was not error to charge the jury to find for the plaintiff, who held under the original grantee from the State.

APPEAL from Mason. Tried below before Hon. A. W. Moursund. The opinion contains a statement.

*Marshall Fulton,* for appellant.—Where there is any evidence tending

to support an issue presented by the pleadings the court should submit such issue to the jury, and can not take the case in hand and direct what verdict shall be returned; and in a case where the evidence shows an adverse possession, with such use and occupation by adverse claimant as shows and amounts to acts of ownership, and such as to put the real owner upon notice of the adverse possession, such possession for ten years, if open and notorious, would bar the right of recovery of the real owner. Supreme Council v. Anderson, 61 Texas, 296; Eason v. Eason, 61 Texas, 225; Satterwhite v. Rosser, 61 Texas, 166; Craig v. Cartwright, 65 Texas, 413.

Tacking possession of several claimants. Brownson v. Scanlan, 59 Texas, 222; Wood on Lim., sec. 271.

Transfer of possession may be by parol. 2 Reed Stat. Frauds, sec. 734, note o; Sedg. & Wait on Trial of Title, sec. 748; Wood on Lim. sec. 271, notes.

No brief on file for appellee.

HOBBY, JUDGE.—This action of trespass to try title and recover 160 acres of land patented to Ferdinand Sachs June 9, 1858, was brought by W. L. Golson on June 23, 1887, in the District Court of Mason County.

The defendant James Forsod answered, pleading not guilty and the statute of ten years limitation.

Plaintiff's title is undisputed. It consisted of patent from the State dated June 9, 1858, conveying the land to Fredrich Sachs as assignee, etc.; deed from said Sachs to W. L. Golson, the plaintiff, dated October, 1866, recorded in December, 1886.

The evidence of the defendant in support of his plea of ten years limitation showed that in 1866 or 1867 one W. T. Willis built a house and cow pen on the land and lived there for a year or two, and sold the improvements only to B. I. Willis, who placed one Taylor in possession. B. I. Willis never claimed the land, but only the improvements. The land was unoccupied for some time between the time W. T. Willis moved off and Taylor moved in. Taylor bought the improvements after living on it a year or so, and ran off, leaving his widow in possession, who sold to one Gasliff. Willis and Gasliff knew the condition of the land. Willis' sale to Taylor was confined also to the improvements. The sales were all verbal, and Willis testifies that he never claimed the land or exercised any acts of ownership over it. Gasliff sold to one Bush. No one now resides on the land.

Bush testified to purchasing Gasliff's claim—no particular number of acres, but only the improvements. He did not claim the land; lived on it two years and sold to one Rainbolt, who occupied it at once. His sale to Rainbolt was verbal. He occupied it about two years, and sold it to one M. R. Kidd, who did not live on it, but let Heathery move on it. One

McMillen lived on it last. This was in 1880. Since that time it has been unoccupied. Kidd sold to Heathery, but he never claimed the land, and sold only the improvements. Heathery after occupying the improvements for nine months conveyed to Patterson, who took possession, and after living on it some time moved off, and one McMillen occupied it.

The defendant Forsod testified that he resided on land adjoining that in controversy; that in 1886 Hammond lived on it, holding under McMillen.

In February, 1887, defendant purchased McMillen's claim and took a deed to the premises, which he claimed about two or three months prior to this suit. He did not live on the land, but adjoining it, and used the house on it for a stable.

Such is the proof in support of defendant's plea of ten years limitation. Under it the jury were instructed to find for the plaintiff. A verdict was so found. Judgment was rendered thereon for plaintiff.

The defendant appeals, and his first assignment is that "the court erred in charging the jury to return a verdict for the plaintiff, and should have so instructed the jury to find for the defendant, in this, because the evidence shows that the defendant and those under whom he claims have had and held the land in controversy, using, occupying, and enjoying the same as their own, for more than ten years next before the commencement of this suit."

The second is as follows: "The court erred in overruling the defendant's motion for a new trial, in this, because the verdict of the jury is not supported by the evidence and is against the weight of evidence in the case on the defendant's plea of the statute of limitation of ten years."

Under these assignments the following proposition is submitted: "That where there is any evidence tending to support an issue presented by the pleadings the court should submit such issue to the jury, and can not take the case in hand and direct what verdict shall be returned; and in a case where the evidence shows an adverse possession, with such use and occupation by adverse claimant as shows and amounts to acts of ownership, and such as to put the real owner upon notice of the adverse possession, such possession for ten years, if open and notorious, would bar the right of recovery of the real owner."

That this announces a correct proposition of law we do not doubt. But we do not think it applies to the case developed by the record before us.

The facts show nothing more, we think, than the possession of the improvements erected on the land by successive occupants from about 1870 to 1883, or perhaps later, with occasional cultivation of the land by some of the occupants.

There is an entire absence of proof tending to show that open, distinct, and adverse assertion of claim to the land upon the part of any of the occupants which a great number of our cases have repeatedly held to be

essential to sustain the ten years plea, and which is deemed necessary to charge the real owner with notice of a hostile holding against him. Bracken v. Jones, 63 Texas, 184; Chance v. Branch, 58 Texas, 490. On the contrary the testimony shows that several of the occupants of the premises themselves disclaimed holding any right or interest in the land. The facts show a temporary occupancy of the improvements, unaccompanied by an intention to claim the land adversely. The charge, we think, was correct.

We are of opinion the judgment should be affirmed.

*Affirmed.*

Adopted June 17, 1890.