Adopted January 26, 1891.

---

JAMES L. NICHOLS ET AL. v. NANCY C. NICHOLS ET AL.

No. 6563.

1. **Limitations, Suspension of.**—The statute of limitations did not begin to run or have any effect during the time of its suspension, commencing on the 28th day of January, 1861, and ending on the 30th day of March, 1870.

2. **Possession Not Adverse.** — Where there was evidence that the grantor in a deed remained in possession, but while in possession acknowledged the title to be in his grantee, such possession is not adverse, and limitation would not run with such possession, nor until the title of his grantee should be repudiated.

**3. Verdict Sufficiently Certain.** — Action in trespass to try title for land by a widow and daughter, a sole heir—widow claiming one-third life estate, and the daughter as sole heir, subject to her mother's life estate. Limitation was pleaded and sustained against the mother. The verdict was, "We the jury find for the plaintiff Eula Nichols and against the defendant Nancy Nichols," finding value of improvements, rents, etc., of the land. *Held*, the verdict supported a judgment for Eula Nichols for the land, subject to the life estate of her mother recovered by the defendants.

**4. Verdict and Judgment.** — The verdict found value of improvements $1800, use and occupancy $1500, and value of land without improvements $880. The plaintiff Eula Nichols recovered the land subject to the life estate of one-third interest in her mother, recovered by the defendants. Judgment was rendered requiring Eula Nichols to pay $300, excess of value of improvements, before writ of possession should issue. *Held*, that one-third should have been deducted from the amounts, upon which writ of possession should issue upon payment of $200. This was an error against the plaintiff and the defendants can not complain. The plaintiff not complaining it can not be revised.

APPEAL from Travis. Tried below before Hon. A. S. Walker. The opinion sufficiently states the case.

*Sneed, Pendexter & Burleson* and *Carleton & Ruggles*, for appellants. —The statute of limitation of ten years, affecting suits to recover lands, were actually in force in Texas on the 3d day of September, 1866, and during all the time from that date up to the 30th day of March, 1870; and Q. J. Nichols, the vendor of the defendant James L. Nichols, being in possession of the tract of land sued for in this action, claiming the same as his own, and Han. W. Nichols, the ancestor of the plaintiff Eula Nichols, being alive up to some time in the fall of 1867, the statute of limitation of ten years started in operation against him; and the fact that the Constitution adopted by the people of Texas at an election held on November 30 and December 1, 2, and 3, 1869, provided that during the period between the 28th of January, 1861, and the date of the approval by Congress of said Constitution, which was on the 30th of April, 1870, the statutes of limitation shall be considered as suspended, does not destroy the fact that such statute had started legally against said H. W. Nichols. And while such period is and should be deducted from the time the tract of land in controversy herein was held and claimed by said Q. J. Nichols when the statute again went into force, to-wit., on March 30, 1870, it at once began to run against the minor Eula Nichols, because it had once been in force against her father, and a statute of limitation once started into operation against one not under disability does not stop at his death because his estate is cast, as in this case, on a minor. Sec. 6 of Ordinance 11, Const. 1866; 1 Pasch. Dig., p. 950; Const. 1869, sec. 43, art 12; Act March 30, 1870, 16 U. S. Rev. Stats., 80; 2 Pasch. Dig., 3 ed., p. 1137; Tyson v. Britton, 6 Texas, 222; Ellett v. Moore, 6 Texas, 243; Ragsdale v. Barnes, 68 Texas, 504.

*W. P. Bacon*, and *Sheeks & Sheeks*, for appellees.—Appellants' first assignment of error is not true in this, that it says, "While all the evidence introduced discloses that the vendor of the defendant James L. Nichols, one Q. J. Nichols, had and held actual possession of the property in controversy in this action, using, cultivating, and enjoying the same as his own during the lifetime of H. W. Nichols, the ancestor of and under whom the said Eula Nichols claims as heir, wherefore the statute of limitations of ten years began to run during the lifetime of said Eula Nichols's ancestor, and never ceased to run at his death," when in truth there was evidence tending to show that Q. J. Nichols did not profess to hold the land adversely to H. W. Nichols, and that just prior to the death of H. W. Nichols he actually surrendered the possession of it to H. W. Nichols. This being a question of fact, and there being evidence to sustain it, this court will not disturb the verdict. Edrington v. Kiger, 4 Texas, 89; Mitchell v. Matson, 7 Texas, 3; Clark v. Davis, 7 Texas, 556; Sims v. Chance, 7 Texas, 568; Wells v. Barnett, 7 Texas, 584; Duggan v. Cole, 2 Texas, 381; Briscoe v. Bronaugh, 1 Texas, 326; Legg v. McNeill, 2 Texas, 428; Perry v. Robinson, 2 Texas, 490; Hall v. Hodge, 2 Texas, 323; Chevaillier v. Denson, 8 Texas, 439; Oliver v. Chapman, 15 Texas, 400; Alley v. Booth, 16 Texas, 94; Russell v. Mason, 8 Texas, 226; Stewart v. Hamilton, 19 Texas, 96; Walker v. Walker, 22 Texas, 331; Chandler v. Meckling, 22 Texas, 37; Baldridge v. Gordon, 24 Texas, 288; Long v. Steiger, 8 Texas, 460; Davidson v. Edgar, 5 Texas, 492; Willis v. Lewis, 28 Texas, 191; Owens v. Railway, 67 Texas, 679; Ragland v. Wisrock, 61 Texas, 397; Railway v. Schmidt, 61 Texas, 286; Zapp v. Michaelis, 58 Texas, 275; Allen v. Woodson, 60 Texas, 651; Railway v. Casey, 52 Texas, 112; Tarkinton v. Brousard, 51 Texas, 550.

COLLARD, Judge.— Plaintiffs below, Nancy C. Nichols and Eula D. Nichols, surviving wife and daughter of H. W. Nichols, deceased, claimed the 80 acres of land in controversy under a deed from Q. J. Nichols to his brother, H. W. Nichols, of date August 2, 1858, in which a large amount of property was conveyed besides the land in suit. There was some evidence tending to show that though the deed expressed a valuable consideration nothing in fact was paid, but that it was made to defraud the creditors of Q. J.; while on the other hand there was evidence tending to prove that it was made for property received by Q. J. from the estate of the grandfather of the two brothers, a part of which belonged to H. W. Nichols, and that it was made upon the additional consideration of services of H. W. in the business of Q. J. The deed was duly recorded in Travis County, where the land was situated, but the vendee, H. W., was never in possession. He was married to plaintiff Nancy C. Nichols in December, 1865; died on the 25th of December, 1867, leaving a daughter by the marriage, the plaintiff Eula, about twelve months old, who made

herself a party plaintiff to the suit on coming of age, and pleaded her infancy in reply to the limitation set up against her, and adopted plaintiff's pleadings.

J. L. Nichols claimed under a purchase from his father, Q. J., in the fall of 1871. His evidence was that he so bought and went into possession in the fall of 1871, and at the time paid most of the purchase price; the rest, $200 or $300, in the early part of 1872; but no deed was made until January 29, 1875, when the warranty deed in evidence was made to him by his father. It was in proof that Q. J. had been in possession of the land from 1856 up to the time he delivered it to defendant James L. in 1871, from which time James L. has had the possession. When he first went into possession in 1871 he added to the improvements and paid the most of the $1800, the expressed consideration of the deed.

Plaintiff Nancy C. claimed a one-third life estate in the land, and Eula claimed the residue of the estate in fee. The evidence was sufficient to bar the claim of the plaintiff Nancy C., by adverse possession of James L. Nichols, and the jury so found; but he did not take possession until after the death of H. W., so that if his father's possession after the deed of August 2, 1858, was not adverse to the title he had made to H. W. during the time the statute was in operation, there would be no bar by limitation against Eula, who was a minor up to the time she became a party to this suit. If the statute began to run in favor of Q. J. Nichols against H. W. in the latter's lifetime, James L. having connected his possession with that of his father, it would continue to run when in operation against the minor. Of course the statute did not begin to run or have any effect during the time of its suspension, commencing on the 28th day of January, 1861, and ending on the 30th day of March, 1870.

The following error is assigned upon the question of limitation: "The verdict of the jury is contrary to the evidence, because it finds for the plaintiff Eula Nichols, while all the evidence introduced discloses that the vendor of the defendant James L. Nichols, one Q. J. Nichols, had and held actual possession of the property in controversy in this action, using, cultivating, and enjoying the same as his own during the lifetime of H. W. Nichols, the ancestor of and under whom the said Eula Nichols claims as heir, wherefore the statute of limitations of ten years began to run during the lifetime of said Eula Nichols's ancestor and never ceased to run at his death."

We can not agree to the proposition that the verdict was not supported by the evidence. Q. J. Nichols wrote to his brother in 1867 to come back from Caldwell County to Travis; that he could have the Oldham place; that he already had a deed to it, and that the deed was on record. Before this, and before H. W. was married, he, Q. J., on several occasions said to one Bonner, a brother of plantiff Nancy C., that he expected to let H. W. Nichols have the Oldham place for money he had used that was

coming to him from his grandfather's estate; and again in a suit for the trial of the right of some of the personal property conveyed by him to H. W. in 1858, which his creditors had seized, he testified that his brother Han. (H. W.) was the owner of the property conveyed by the several conveyances mentioned in the evidence, one of which conveyed the land in question.    We are not advised when this was, but it was certainly after the deed of the 2nd of August, 1858.

It was in proof that H. W., pursuant to the letter of invitation to occupy the Oldham place, began to act upon it; moved the most of his effects to Travis County on his brother's place (not the Oldham, it being then occupied by negroes), and while gone after the last load he sickened and died.    Thus we see that Q. J. Nichols did, after the deed and while in possession, acknowledge the title of his brother to the land.    The evidence was sufficient to authorize a finding that his holding was consistent with and in subordination to the title he had made.    We find no evidence showing the contrary until after the death of H. W., to-wit, in 1871, when he verbally sold the land to his son, James L. Nichols.

The jury were justified by the evidence in concluding that Q. J. Nichols did not repudiate the title of H. W. before the latter's death.    It was in proof by the testimony of Mrs. Nancy C. Nichols that when her husband started off to get the last load from Caldwell, Q. J. said to him "Han., when you get the place improved you'll have a very nice place."    The next morning before daylight she heard her husband was dead.    Bracken v. Jones, 63 Texas, 184; Chance v. Branch, 58 Texas, 490.

Appellants' next assignment of error is that the court erred in rendering judgment for plaintiff Eula D. Nichols, because the verdict does not show or state what, if anything, she recovered as against defendants.    In the petition Nancy C. Nichols only claimed a one-third life estate, and Eula D. Nichols claimed the residue of the estate in the land.    The verdict of the jury was:  "We, the jury, find for the plaintiff Eula Nichols and against the defendant [evidently meaning plaintiff] Nancy Nichols."  The construction given to the verdict by the judgment that Eula recover all the estate except the one-third life estate claimed by Nancy Nichols, which defendants should recover, was correct under both the pleadings and the evidence.

Under defendant's claim for compensation for valuable improvements in good faith the jury on special issues submitted by the court returned a verdict that defendants had adverse possession in good faith for twelve months prior to the institution of the suit; that permanent and valuable improvements were made by defendants during the time of his possession; that the value of the same made before suit was $1800; that the value of the use and occupation while in defendant's possession was $1500; and that the value of the land without improvements was $880.    The judgment, after decreeing the recovery by Eula Nichols of all the estate in

the land except a one-third life estate during the life of Nancy Nichols, which was decreed to defendant James L. Nichols, proceeded to so enter the decree in the form of the statute in such cases as to give Eula Nichols the benefit of the entire amount found by the jury for use and occupation when·one-third of· the same by the decree was recovered by the defendant James L. Nichols from Nancy Nichols.

There was error in so rendering the judgment, but the error was in favor of appellants. The rents should have been reduced one-third, that is to $1000, and the value of the improvements should also have been reduced one-third, or to $1200, so that the plaintiff under a proper decree would only be required to pay defendant the difference, or $200, to perfect her title under the decree in the time prescribed by law. The error in the decree was to compel her to pay to defendant $100 more than by the verdict she ought to have paid. The defendant recovered a one-third life estate in the land during the life of Nancy Nichols. We can not say but that the improvements will be worn out and worthless at the expiration of such estate. Plaintiff Eula would not be required to pay for more than two-thirds the value of the same as estimated at the time of the trial.

She has assigned no error, and we can not correct the judgment in her favor.

We conclude the judgment should be affirmed.

*Affirmed.*