## HOOPER et al. v. ACUFF.

(Court of Civil Appeals of Texas. Amarillo. June 21, 1913. Rehearing Denied Oct. 11, 1913.)

1. TRESPASS TO TRY TITLE (§ 8*)—RIGHT TO SUE—POSSESSION—SCHOOL LAND.

Mere possession of school land, without a showing of right thereto, will not confer a right to maintain trespass to try title to an adjoining disputed strip of land of which plaintiff was not in actual possession.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 11; Dec. Dig. § 8.*]

2. TRESPASS TO TRY TITLE (§ 6*) — RIGHTS OF PLAINTIFF—STRENGTH OF TITLE.

Plaintiff in trespass to try title must recover on the strength of his own title, and not on the weakness of his adversary's.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 5-9, 15, 16; Dec. Dig. § 6.*]

3. ADVERSE POSSESSION (§ 13*)—LIMITATIONS —OCCUPATION—DISPUTED BOUNDARY.

Where, in a suit to determine the location of a disputed boundary line between two sections, all under one fence, plaintiff was in possession of one section under a lease, and had no color of title as to the other and no actual possession of the strip in dispute, he was a mere intruder, and was not entitled to the benefit of the three-year statute of limitations.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 65, 67-76; Dec. Dig. § 13.*]

4. ADVERSE POSSESSION (§ 31*)—NATURE OF HOLDING—NOTICE TO OWNER.

Possession required to give a claimant the benefit of the statute of limitations must be such as to charge the real owner with notice of a hostile holding.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 128-133; Dec. Dig. § 31.*]

5. ADVERSE POSSESSION (§ 85*)—COLOR OF TITLE—EVIDENCE.

Proof of a conveyance dated June 3, 1901, from A. and wife to plaintiff, conveying the A. survey, giving field notes and a patent as in the state abstract book, and also conveying the W. A. pre-emption claim, which by the recitals of the deed appeared to be a reconveyance from A. to plaintiff, he having theretofore conveyed the same to A., was sufficient to show title in plaintiff under the 10-year statute of limitations.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 313, 498-503, 656, 657, 660, 668, 688-690; Dec. Dig. § 85.*]

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Trespass to try title by M. S. Acuff against Ed. Hooper and others. Judgment for plaintiff, and defendants appeal. Affirmed in part, and reversed in part.

W. D. Benson, of Lubbock, for appellants. W. H. Bledsoe and H. C. Ferguson, both of Lubbock, for appellee.

HUFF, C. J. The appellee, M. S. Acuff, brought this suit against appellants, Ed. Hooper, J. F. Collett, and H. T. Randell, in the nature of trespass to try title. The real question at issue in the case should have been the true location of the boundary line between section 44, block 1, claimed by appellee, and section 43, claimed by appellants, and the location of the north boundary line of section 43 and the south boundary line of pre-emption surveys, one in the name of T. A. Acuff, and the other in the name of M. S. Acuff. However, there is no agreement of title in the respective claimants, and hence it devolved upon the appellee to establish the right of possession of the strip of land claimed by him. He also claims the land by three, five, and ten years statute of limitation in his petition. As to section 44, all the evidence offered by appellee is the proof of occupancy filed in the land office July 14, 1898. The application to purchase the obligation, award, payment of interest, or the standing of the sections in the land office was not shown, so that the only right shown to section 44 in appellee is one of possession, which he claims to have had since 1892. Appellee testified he went into possession of section 44 at the time he claims to have filed on the land, and that he fenced the section according to the survey made for him by the then county surveyor. The testimony shows that the title to section 43 is in appellants, and that some time in 1910—the evidence is not clear just when—appellants had their section run out by a surveyor, and established the west line of section 43 some distance west of where appellee claimed it to be. Appellants, after such survey, erected a fence on what they claimed as the west line of section 43. The strip between the two lines is part of the land in controversy. Appellee testified after he erected his fence in 1892, on what he claims to be the east line of section 44, that he in 1898 leased from the then owner of section 43, and that he then took down the fence on the east line of section 44, and moved it on the east line of section 43, and since said time there had been nothing between the two sections to mark the division line. For some time, just how long is not shown, appellee used section 43 under his lease, together with his other lands. It is contended, because he had possession of section 44 for more than 10 years, that he could go to the line as he claimed it to be without having actual, visible possession of the disputed strip. The two sections were, as we gather from the evidence, under one inclosure, without anything, since 1898, to mark the line between the two, as the land claimed by appellee. It should be stated that appellee first filed on section 44, according to his oral testimony, in 1892, and afterwards permitted it to forfeit, and again filed on it some time in 1898, but during the time of its forfeiture he continued to live on section 44.

[1] We do not think that mere possession of school land, without showing some right thereto, will give appellee the right to maintain an action of trespass to try title. Snyder

v. Nunn, 66 Tex. 255, 18 S. W. 340; Gracey v. Hendrix, 93 Tex. 26, 51 S. W. 846, 847; Thompson v. Autry, 52 S. W. 581. We do not think the mere fact that appellee was claiming section 44 gave him the right to maintain trespass to try title to a disputed strip of land when he was not in actual possession of the land in question. When the appellants erected their fence they did not trespass upon the land or break the inclosure of appellee, but admittedly both sections 43 and 44 were under one inclosure, with no visible mark designating appellee's claim of possession.

[2] We do not believe the case of Watkins v. Smith, 91 Tex. 591, 45 S. W. 560, applicable to the facts in regard to this section. In cases falling under the rule there announced, there was either a deed to the particular land designating the boundaries, or actual possession of the land in dispute. If appellee had shown a contract to purchase all of section 44 from the state, then his line would go where the court should find the field notes placed it. The fact that he was occupying some portion of section 44 does not give him the right to all of it when he has no deed to it or possession of the disputed land. Even though the court may have found section 44 situated on the ground as claimed by appellee, he could not recover under the title introduced in evidence by him. He must recover on the strength of his own title, and not the weakness of that of his adversary.

[3] The statute of limitation we do not believe will aid appellee as to this section. He did not have three years' possession under color of title. The last filing, according to his oral testimony, was in 1898, at which time he leased section 43 and took down his fence and placed it on the east line of section 43. He was holding section 43 as a tenant for the owner, which would constructively go to the true boundaries. These two surveys were made at the same time, calling for each other, and were part of the same block. The boundary line between the sections depended upon the true location of the block. There is testimony which will sustain the court's judgment placing the lines as claimed by appellee. If the lines were so located, when appellants placed their fence on what they claimed as their west lines to section 43, they were intruders. But as appellee showed no title in himself to section 44 and no actual possession of that strip of land inclosed by the fence, he, too, was an intruder (Morris v. Jacks, 96 S. W. 637), and would be confined to his actual possession and could not recover against appellee.

[4] The possession required under the statute of limitation must be such as to charge the real owner with notice of a hostile holding against him. Bracken v. Jones, 63 Tex. 184; Forsod v. Golson, 77 Tex. 666, 14 S. W. 232. Appellee removed his fence and placed it on the east line of section 43, which he then had leased. There was nothing to mark the line as he claimed it to be. He grazed this disputed strip as he did the land he leased. There is no testimony indicating a hostile holding under a claim of title—nothing which would give to the holder of section 43 notice that appellee was claiming the disputed strip as part of section 44. We, therefore, think the trial court in error in rendering judgment for the appellee for the disputed strip, for the reason that there is no evidence of title in appellee—no actual possession proven, and no title shown by the statute of limitation. As to the boundary line between T. A. Acuff and M. S. Acuff surveys and section 43, we think the evidence sufficient to support the judgment of the trial court. The surveyor who ran out section 43 for appellants placed the north line of section 43 north of the south line of the Acuff surveys, upon which line appellants placed their north fence. At the time they did so, appellee had a fence erected on the south line which had been there since 1896. The two Acuff surveys were inclosed and the fences on their south line were where appellee claimed as the true location of his south line, and the fence was on that line when appellee leased section 43 in 1898. Some time in 1910 appellants entered the appellee's inclosure on said land and placed their fence.

The appellee introduced a patent to himself as assignee of M. S. Acuff, dated August 27, 1896, for 160 acres of land, being part of the land in controversy. Over the objection of appellants, he introduced "State Abstract Book, vol. 22, p. 142, abstract 549, original grantee, T. A. Acuff, patentee, T. A. Acuff, quantity, 160 acres, class, pre-empt., patent date, May 11, 1898, No. 112, vol. 30, patent No. 9167." It appears the original patent was filed with the paper in another case, but had been lost, and upon trial that fact appears to have been discovered and the court permitted the abstract books in evidence. We think, perhaps, there was no error in this if the land claimed by appellee was sufficiently identified as the same land mentioned in the abstract book.

[5] The view taken by us, however, on this branch of the case will not require further notice or discussion of the issue raised, as we think the case can be properly disposed of on other grounds. The appellee introduced in evidence a certified copy of the field notes of 160-acre pre-emption made for T. A. Acuff, July 21, 1895, describing the land as set out in appellee's petition. Appellee also introduced in evidence a deed dated June 3, 1901, and recorded June 5, 1901, from T. A. Acuff and wife to M. S. Acuff, conveying the T. A. Acuff survey, giving field notes and patent No. 112, vol. 30, as in the state abstract book, and also conveying the M. S. Acuff pre-emption survey, which by the recitals of the deed appears to be a reconveyance from T. A.

Acuff to M. S. Acuff, M. S. Acuff having theretofore conveyed to T. A. Acuff. Under the facts and the evidence of title above set out, the appellee had title to the two Acuff surveys by the 10-year statute of limitation, and if appellee had proven the payment of the taxes thereon, under the deed from T. A. Acuff to M. S. Acuff, which appears to convey both tracts, dated June 3, 1901, he would have had title by the five-year statute and in addition thereto the appellants entered upon the appellee's possession, and without his consent took charge of the land. Under the case of Watkins v. Smith, 91 Texas, supra, appellee would have the right under such entry, to maintain an action of trespass to try title therefor, and if the court found the true boundary line upon the north of section 43, as claimed by appellee, then appellants could not recover, and there was no error in rendering judgment for the appellee for the land included in the Acuff survey.

The various assignments are not discussed in detail, as they will not likely arise upon another trial. We think the judgment sufficiently definite to establish the boundary between those surveys and section 43 claimed by appellants, and we overrule assignment No. 12, asserting that the judgment does not sufficiently describe the land.

The judgment of the trial court will therefore be affirmed as to the land claimed by appellee in the two Acuff surveys and establishing their south boundary line as the boundary line between them and section 43; but we reverse the judgment of the trial court as to the boundary line between sections 44 and 43, and direct that the trial court enter up judgment for appellee for the Acuff surveys as he heretofore decreed, but that as to section 44 he set the judgment aside and order a new trial as to the boundary and title to the disputed strip, and that he order that the issues be so formed as to try the question involved.

We have not discussed the evidence of the witnesses as to how the surveys should be located for the reason that these facts must be passed upon by the trial court upon the further trial of the remaining issues.

Under rule 62a (149 S. W. x) the case is affirmed in part and reversed in part.