MORAN v. MOSELEY et al.

(Court of Civil Appeals of Texas. Austin. Feb. 18, 1914. Rehearing Denied March 18, 1914.)

1. ADVERSE POSSESSION (§ 22*)—ACQUISITION OF TITLE—SUFFICIENCY OF POSSESSION.

Ten years' adverse, peaceable, and continuous possession of wooded land, which was not in cultivation, but which was fenced and used, in connection with a larger tract, for pasturage and for obtaining firewood, was sufficient to support title.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. § 111; Dec. Dig. § 22.*]

2. ADVERSE POSSESSION (§ 43*)—CONTINUITY OF POSSESSION — TACKING POSSESSION — "PRIVITY OF ESTATE."

Under Rev. St. 1911, art. 5682, providing that, when adverse possession is held by different persons successively, there must be a privity of estate between them, the expression "privity of estate" does not mean privity of title, but only privity of possession, and the plea of the ten-year statute is not sustained when the adverse occupancy of different persons is relied on, unless defendant can show privity between himself and others on whose possession he relies; so that, in trespass to try title, it was immaterial that some of the conveyances through which some of the parties claimed failed to accurately describe the land in controversy, where it appeared that the several grantees therein had claimed adversely, and exercised acts of ownership over the same land, and that the assumption of such rights was referable to their conveyances.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 213–224; Dec. Dig. § 43.*]

3. ADVERSE POSSESSION (§ 19*)—REQUISITES—INCLOSURE.

It is not necessary to title by adverse possession that the land be separately inclosed, but it is sufficient if it is within a general in-

closure, even though other tracts are included therein.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 99–105; Dec. Dig. § 19.*]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Trespass to try title by Carrie G. Moran against J. B. Moseley and others, in which defendant impleaded his warrantor, C. Simons. Judgment for defendants, and plaintiff appeals. Affirmed.

Davis & Cocke, of Waco, for appellant. W. H. Jenkins and R. A. Word, both of Waco, for appellees.

RICE, J. As stated in appellant's brief, this is a suit in trespass to try title, brought by her against J. B. Moseley to try title to five acres of land, out of the M. Martinez two-league grant in McLennan county. Appellee Moseley, having vouched in his warrantor, C. Simons, pleaded not guilty, and specially pleaded the several statutes of limitation, and, further pleading his purchase of the land in controversy as part of a larger tract from his warrantor, C. Simons, prayed that if judgment be rendered against him for said land, or any part thereof, that he have judgment over against his warrantor for a sum equal to the amount which he paid for said land, which he alleged to be $55.55 per acre, together with interest. Simons, the warrantor of appellee, made himself a party defendant, and pleaded for himself and vendee not guilty, as well as the several statutes of limitation. Trial was had before the court without a jury, resulting in a judgment for appellees, they having admitted in open court that plaintiff had a good cause of action, except in so far as same might be defeated by their defense of the statute of ten years' limitation and title thereunder; and this action of the court is assigned as error.

[1] We have carefully considered the evidence, and have reached the conclusion that it sustains the judgment. It shows that the land was fenced more than ten years prior to the filing of suit, and that the defendant, and those under whom he claims, have continuously had and held peaceable and adverse possession thereof, using and enjoying the same during said period. It is true that no part of this tract was in cultivation, but the proof shows that it was used by the respective parties through whom appellees claim, in connection with a larger tract, for pasturage of their stock and for obtaining firewood. It being a wooded tract, this was the use to which it was best adapted. Such use has frequently been held sufficient to support title by limitation. See Hooper v. Acuff, 159 S. W. 934; Hardy Oil Co. v. Burnham, 124 S. W. 221; Randolph v. Lewis, 163 S. W. 647, opinion rendered by this court November 12, 1913, not yet officially reported.

[2] It is true, as claimed by appellant, that, where it is sought, as here, to tack the several occupancies of different persons for the purpose of completing the statutory bar, there must be a privity of estate between them. See R. S. 1911, art. 5682, and Sayles' Rev. Stat. art. 3350. But this expression does not mean privity of title as between such claimants, but only privity of possession; for until the period necessary to complete the bar has expired, no title is acquired by limitation. See Truehart v. McMichael, 46 Tex. 222; Henderson v. Beaton, 1 Posey Unrep. Cas. 17. So in the present case we think it immaterial that some of the conveyances through which some of the parties claim fail to accurately describe the land in controversy, provided it appears, as here, that the several grantees therein, by reason thereof, claimed and exercised acts of ownership over the land, and that the assumption of this right is referable to such transfers. Indeed, if there had been no conveyances whatever and the respective parties through whom appellees claim had verbally sold their claim and their respective vendees had gone into possession by reason thereof, holding the same for the necessary period, it would be sufficient. If this be true, how can such deeds be regarded as breaking the continuity of possession held by the respective parties thereto? In the absence of possession, if they were relied on merely as links in the chain of title, and not as a basis to support a claim of limitation, they would not be sufficient, unless they embraced the land. But it does not follow, we think, that such would be true when relied on merely as evidencing a transfer of possession or right of possession. The plea of the ten-year statute is not sustained when the adverse occupancy of the different persons is relied on, unless the defendant can show privity between himself and others on whose possession he relies. Dotson v. Moss, 58 Tex. 152; Forsod v. Golson, 77 Tex. 666, 14 S. W. 232. But in the instant case such privity of possession is shown.

[3] It is not necessary, as contended by appellant, that the land be separately inclosed, but it is sufficient if it is with a general inclosure, even though other tracts are included therein. See Smith v. Kenney, 54 S. W. 801; Cunningham v. Mathews, 57 S. W. 1115.

Believing that the evidence supports the judgment of the trial court, and finding no error in the record, such judgment is affirmed.

Affirmed.