## BOARD OF TRUSTEES OF JOHN M. BON-NER MEMORIAL HOME, Inc., v. BRAWLEY et al.

### No. 8201.

Circuit Court of Appeals, Fifth Circuit.

Dec. 4, 1936.

J. N. Saye and W. T. Saye, both of Longview, Tex., for appellant.

Gordon Simpson, of Tyler, Tex., and Wm. A. Wade and Angus G. Wynne, both of Longview, Tex., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

The Sun Oil Company began this suit by filing a bill of interpleader against the Board of Trustees of the John M. Bonner Memorial Home, hereafter referred to as the trustees, against Ella Brawley Hicks, et al., a group of 19 individuals, hereafter referred to as the Brawley heirs, and against John Hargraves, Fred E. Hargraves, and Angus G. Wynne. The bill al-leged that the Oil Company had purchased all the oil run from wells on some 32 acres of land in the Marshall Mann Headright survey, in Upshur county, Tex., described in the bill with particularity, and that plain-tiff was in doubt as to the title of the parties from whom it had purchased; that the fund in its hands at that time amounted to $4,-275.44. The various parties made defend-ant joined issue. The trustees claimed the land as owners of the record title. The Brawley heirs claimed title to some 27.15 acres of the land by deed and adverse pos-session of 5 and 10 years. Gordon Simp-son intervened, claiming a one-fourth in-terest in a one-eighth retained royalty on this 27.15 acres of the land, for himself and H. E. Lasseter, Z. J. Spruiell, Jr., and Oran Lowry, by virtue of an agreement by which he and his said partners had repre-sented the Brawley heirs as attorneys. The Hargraves and Wynne claimed title to about 5 acres of the land only by adverse possession for more than 10 years. There was judgment discharging the Sun Oil Company from further liability as to the fund, which was deposited in court, recog-nizing the right of Gordon Simpson to re-cover an undivided one-fourth of the roy-alty as alleged, quieting the Brawley heirs, except two who had been dismissed from the suit, in their title to the 27.15 acres claimed by them, with the right to collect the royalty for oil run from same and qui-eting John Hargraves, Fred E. Hargraves and Angus G. Wynne in title and possession of 4.63 acres of the land as against the trus-tees, also with the right to recover the royalty from the oil and gas produced from that property but stipulating that the matter of title to the 4.63 acres of land as between the last three named individuals and the Tri Oil Company, operating a lease on said land, as to which another suit was pending, was not adjudicated. Only the trustees have ap-pealed.

The District Court found as facts, in substance, that the trustees were the owners of the record title by a chain of title running back to the sovereign, but had never had actual possession of the land nor exercised control over it; that the Brawley heirs had acquired good title to the 27.15 acres of land and John Hargraves had acquired good title to the 4.63 acres of land by limitation, based upon peaceable, open, and notorious adverse possession for more than 10 years, under the Texas statutes (Rev.St.Tex.1925, arts. 5510, 5514, and 5515). The trustees chal-

lenge the findings of fact of the District Court.

It appears from evidence in the record that the land in dispute is practically square in shape and is bounded on the south and east by lands owned by John Hargraves; that the Brawley heirs claimed title to 27.15 acres through deeds, and paid taxes on it; that in 1915 the entire tract was fenced in with the land of Hargraves, although no fence was run between his property and the other land; that at that time the Brawley heirs entered into an agreement with Hargraves, by which he could use their land; that Hargraves used all the land as a pasture and cut wood from it; that John Hargraves had always considered the 4.63 acres as part of his own land and he claimed it as his own and used it as a pasture and for cutting wood.

There are some inconsistencies in the testimony of John Hargraves, but nothing that cannot be easily reconciled, and as a whole his evidence is clear and convincing. There is some testimony tending to show that the land was open to be ranged by any one's cattle, but this is directly contradicted, and the evidence as a whole amply supports the finding that there was no use or occupancy of the land by others than Hargraves.

It is contended that the inclosure of the land with that of another and the pasturing of cattle and cutting of wood by such other person was not sufficient use of the land to support the claim of limitation. The following authorities adversely dispose of this contention: Cobb v. Robertson, 99 Tex. 138, 86 S.W. 746, 87 S.W. 1148, 122 Am.St. Rep. 609; Moran v. Moseley (Tex.Civ. App.) 164 S.W. 1093; Burnham v. Hardy Oil Co., 108 Tex. 555, 195 S.W. 1139; Lyne v. Coon (Tex.Civ.App.) 241 S.W. 569.

Since the District Court disposed of the case on the pleas of 10 years' adverse possession, we need not discuss other features of the case. A clear preponderance of the evidence sustains the findings of the District Court as to the use and occupancy of the land by Hargraves, for the benefit of the Brawley heirs as to the 27.15 acres, and for himself as to the 4.63 acres, peaceably, openly, and continuously for more than 10 years before issue was joined in this suit by the trustees. We concur in the conclusions of the District Judge.

The record presents no reversible error.

Affirmed.