## WM. A. BRACKEN V. JOHN M. JONES.

### (Case No. 2005.)

1. POSSESSION — LIMITATION.— When naked possession alone is relied on as constituting title to land, there must be an actual occupancy of the land, and the possession cannot be extended by construction beyond that actual occupancy.
2. SAME.— Possession of land to sustain limitation must be actual, continued, visible, notorious, distinct and hostile.
3. NOTICE — SAME.— While the true owner is chargeable with knowledge of the boundaries of his land, he cannot be affected with notice that an adjoining proprietor has encroached by his fence a few feet over the line for the purpose of acquiring six hundred and forty acres of his land under the ten years' statute.
4. SAME.— The rule is different where the party who sets up limitation entered under a recorded deed, which on its face discloses a conflict and assumes to convey title to the land occupied. In such case the true owner, whose land is held adversely, is notified of the adverse claim.
5. TEN YEARS' LIMITATION.— See this case for facts under which it was held that adverse possession for twenty-three years entitled the occupant to hold, under the ten years' statute of limitation, only the land actually inclosed and occupied.

APPEAL from Hardin. Tried below before the Hon. Edwin Hobby.

*Tom J. Russell*, for appellant, cited: R. S., art. 3198; Gillespie *v.* Jones, 26 Tex., 343; Kimbro *v.* Hamilton, 28 Tex., 560; Wheeler *v.* Moody, 9 Tex., 372; Brownson *v.* Scanlan, 59 Tex., 222; Taylor *v.* Horde, 2 Smith's Lead. Cases, and notes, 324; Ellicott *v.* Pearl, 10 Pet. (U. S.), 412; Turner *v.* Hall, 60 Mo.; P. D., arts. 4622, 4623, 4624; Charle *v.* Saffold, 13 Tex., 111; Cochrane *v.* Farris, 18 Tex., 855; Smith *v.* Garza, 15 Tex., 153; Word *v.* Drouthett, 44 Tex., 369; Mooring *v.* Campbell, 47 Tex., 41; Cantagrel *v.* Von Lupin, 58 Tex., 576; Pearson *v.* Boyd, Tyler Term, 1884 [62 Tex., 541].

*Sam R. Perryman* and *Denson & Burnett*, for appellee, cited: Satterwhite *v.* Rosser, 61 Tex., 171, 172; Chance *v.* Branch, 58 Tex., 492; Wood on Limitations, p. 548.

WILLIE, CHIEF JUSTICE.— The material facts proved upon the trial of this cause in the district court are substantially as follows:

One Mack Bracken settled upon and improved a portion of public land, and afterwards in 1859 sold his improvements to the appellant in this cause. The improvements, whilst principally upon public land, yet included within the fencing about four acres of an adjoining tract, known as the Rogers tract, belonging to the appellee,

John M. Jones. After W. A. Bracken bought the improvements (but at what time does not clearly appear), he became the owner by pre-emption of one hundred and sixty acres of the public land, upon which the improvements were placed, but within this one hundred and sixty acres were not embraced the small portion of land on the Rogers tract included within the fencing. It seems that in 1860 a survey of the south line of the Rogers tract was made, for what purpose does not appear, and the line surveyed ran through the appellant's field, cutting off the three or four acres heretofore mentioned as being on the Rogers tract. There is some little proof that a colored man built a house upon an adjoining portion of the Rogers tract, but the time, nature and extent of his occupancy does not appear. It does appear, however, that it was not continuous for a period of ten years.

It was shown that the appellant cultivated the above four acres in connection with his own premises from 1859 down to the commencement of this suit, viz., March 15, 1882, about twenty-three years. That soon after this suit was commenced, the appellant, in reply to an agent of Jones as to why he was claiming a portion of the Rogers tract, said no one was paying taxes on the land and he thought he had as much right to it as any one. Upon the agent satisfying appellant that Jones was and had been for a great number of years paying taxes upon the land, appellant stated that he would have nothing more to do with this suit. He also told the agent that he might remove the cross-ties that he (Bracken) had cut on the Rogers survey; but the agent told him that as he did not claim the land, that he might haul off the cross-ties, which he seems to have done. He subsequently made another disclaimer of having anything to do with this suit. Bracken had never paid any taxes upon any portion of the Rogers tract, but only upon his one hundred and sixty acres of pre-emption land, but they had been paid by Jones. It was also stated in the appellant's testimony that when he bought the improvements his vendor told him that he would get that portion of the land on the Rogers tract by limitation. Upon this state of facts the appellant sued Jones to quiet his title to six hundred and forty acres out of the Rogers tract, claiming the same under ten years' limitation, as prescribed in the seventeenth section of the law of 1841. The court gave him a judgment for the four acres actually inclosed, and from this judgment he appeals to this court.

It is a general rule that, where a person relies upon naked possession as a foundation for an adverse claim to land, there must be an

actual occupancy, and beyond this the possession cannot be extended. Hawkins v. Hawkins, 45 Ala., 482; Miller v. Shaw, 7 Serg. & Rawle, 129; Wood on Lim., 514, 522.

Our statute of limitations of 1841 provided that peaceable possession and cultivation, use or enjoyment thereof, without any evidence of title, should give to such naked possessor full property preclusive of all other claims in and to six hundred and forty acres of land, including his or her improvement. Pas. Dig., art. 4624.

Our Revised Statutes have reduced the amount to which such naked trespasser shall be entitled to one hundred and sixty acres of land. Arts. 3194, 3195. Under the act of 1841 it has been held that naked possession will secure title to six hundred and forty acres of land, without inclosure. Charle v. Saffold, 13 Tex., 94.

This provision, taken in connection with that contained in the fourteenth section of the same statute, was, as stated in Kinney v. Vinson, 32 Tex., 128, based upon the policy of compelling those who had a right of entry under title to take actual possession of their lands, and have the country settled, at the peril of being ousted, by those who would settle the lands and improve the country.

There could have been no intention to allow a person owning a tract of land adjoining another to merely extend his inclosure, and, by embracing within it the insignificant amount of an acre or two of his neighbor's land, to lay claim to six hundred and forty acres of the tract.

Possession, to be of any value to vest a right or bar a remedy, must be actual, continued, visible, notorious, distinct and hostile. It must be fair and open, as " the statute was not made to serve the purpose of artifice and trick." Sailor v. Hertzogg, 2 Pa. St., 185; quoted in Word v. Drouthett, 44 Tex., 370; Satterwhite v. Rosser, 61 Tex., 166.

It can scarcely be said that in such a case as the present the possession is notorious, visible and distinct so as to fulfil the requirements of the ten years' section of the statute of limitation. Whilst the true owner is chargeable with a knowledge of the boundaries of his land, he can hardly be affected with notice that a neighbor, who has encroached a few feet upon his tract, is doing so for the purpose of acquiring title to six hundred and forty acres of it. He would rather impute it to a mistake on the part of the apparent trespasser as to the division line between them. Whilst this might not excuse the party trespassed upon for not asserting his right to the land actually occupied by the trespasser, it would certainly save him from such consequences as the loss of a section of his land. The party

encroaching would be entitled to no more than the land actually occupied by him.

The case is different when one settles upon the land of another, claiming under a recorded deed, and having his improvements located within the bounds called for in such deed. Then the true owner has notice of the extent of the claim of his adversary, and that the improvements are upon it as well as upon his own land, and that, if continued for the requisite period of time, they will give title to the extent of the land described in the recorded instrument. He knows the consequences of such possession, and must provide against them. Brownson *v.* Scanlan, 59 Tex., 222.

But suppose such a possessor should, by accident or otherwise, have a small portion of his improvements beyond the line of his boundaries, as claimed in the deed. Is he to get to the limits of his deed by five years' possession, and six hundred and forty acres besides by reason of his slight extension of improvements beyond his line? If so, he would recover far beyond what a ten years' possession, under the law we are considering, would give him. The extent of a recovery in such case, over and above the six hundred and forty acres, is the amount actually covered by the inclosure of the trespasser. Charle *v.* Saffold, *supra.*

In the case of Mooring *v.* Campbell, 47 Tex., 41, this court considered that the state of case most prominent in the minds of the legislators in enacting the foregoing provisions of our statute of limitations was the case where one person is in adverse possession with all of his improvements on a large tract of land belonging to another.

" Any flexibility," it was said, " in adapting the statute to a state of facts variant from this must be arrived at by construction." And Chief Justice Roberts, after alluding to the strange, if not unreasonable, consequences of allowing one person to acquire six hundred and forty acres of land from his neighbor by merely a strip of adjoining land in a field belonging to the former, says that we must confine " the construction of the statute to the particular facts of each case."

In view of the particular facts of this case we do not feel disposed to hold that the appellant has acquired six hundred and forty, or even one hundred and sixty, acres of the Rogers tract by merely inclosing four acres within a field with public land upon which he had settled, or even by continuing that small amount within the field after he had perfected a pre-emption right to the public land.

The facts upon which we have commented do not establish such

a possession as would give him title to more than he had inclosed, but there are additional facts which serve to deprive him of such right.

It seems to have been the object of himself and his predecessor in the occupation of the improvements to hold no more than the four acres of the Rogers tract by limitation. Moreover, he especially disclaimed any right even to that amount of land when informed that Jones was paying taxes upon the whole tract. He then disclosed the true nature and object of his possession, which was merely to get the four acres in case no one else owned or claimed it.

It has been held that acts and declarations made by claimants of land after a possession for sufficient time to bar the owner is admissible to show that such possession was not adverse. Church v. Burghardt, 8 Pick., 327.

This declaration of Bracken showed that his possession was not adverse or in hostility to Jones, and without an adverse possession the plea of limitation is not available.

We think, in view of this fact and others detailed in evidence to which we have alluded, there is nothing in the judgment below of which the appellant can complain, and it is affirmed.

Affirmed

[Opinion delivered January 30, 1885.]