John T. Franklin et al. v. John M. Piper et al.

No. 83.

**1. Power of Attorney— Soldier's Bounty.**—Bryant P. Franklin, William Franklin, Peter F. Franklin, and William G. Bailey executed a power of attorney to Thomas J. Franklin for the recovery of certain tracts of land which their late brother, Elijah B. Franklin, was entitled to receive from the Texas Government for services as a soldier in the army thereof. *Held*, that it applied to such lands as the deceased was entitled to receive as a soldier, and did not affect a one-third league certificate, for that quantity of land was never issued by the government of Texas for military services.

**2. Same—Wife's Signature not Necessary.**—The land certificate being personal property. W. G. Bailey and wife resided in the State of Virginia, in which common law as to descent and distribution obtained, it was not necessary for wife to sign power of attorney.

**3. Same—Power to Appoint Substitute.**—The power of attorney authorized Thomas J. Franklin to take all lawful means for the recovery of the lands, to appoint attorneys, and in the event of his receiving a patent, to sell the land. *Held*, that the authority was implied for him to contract with a suitable person to procure and locate the certificates, and pay him for his services, and that the power conferred on R. A. Gillespie by Thomas J. Franklin was authorized by his principals, in their power of attorney to him.

**4. Descent and Distribution.** — Upon the death of Elijah B. Franklin, his estate under the law then in force in Texas passed to his brothers and sisters of the whole blood, to the exclusion of his brothers of the half blood.　Wardlaw v. Miller, 69 Texas, 398.

**5. Limitation.**—To maintain the defense of ten years limitation, there must be an actual, exclusive, continuous, visible, and notorious possession, distinct and hostile, for the full period of ten years.

**6. Deeds, Declarations in.**—The deed by Thomas J. Franklin to William F. Gillespie, under above power of attorney, to all interest in a tract of land which may be located to Elijah B. Franklin, which R. A. Gillespie has a power of attorney to locate, and for which he is to receive one-half of same. declares an equitable title in R. A. G. to one-half of the lands that may be thus located, and vests same in Wm. F. G. in trust for said equitable owner ; said declaration being made by an agent, acting in the scope of his authority, was as binding on his principals as if made in a separate instrument.

**7. Same.**—When the two surveys thus located were patented to the heirs of Elijah B. Franklin, the patents enured to the benefit of William F. Gillespie and heirs of R. A. Gillespie, the patentees holding same as trustees.　Such equitable title being acted upon and not repudiated for thirty years, is superior to legal title of patentees.　Robertson v. Du Bose, 76 Texas, 10.

Appeal from Uvalde.　Tried below before Hon. T. M. Paschal.

*John H. Clark, J. B. Stringer* and *A. V. D. Old*, for appellants.

1.　There was no contract between the heirs of E. B. Franklin and R. A. Gillespie for the procuring of the 640 and 1280 acres certificates.　The power of attorney from Bryant P. Franklin et al., dated October 22, 1838, to Thomas J. Franklin, did not authorize him to make the one with R. A.

Gillespie for the same purposes. Reese v. Medlock, 27 Texas, 120; Gouldy v. Metcalf, 75 Texas, 455; Smith v. Sublett, 28 Texas, 169; Frost v. Cattle Co., 17 S. W. Rep., 52; 1 W. & W. C. C., sec. 1066.

2. The interest of Mrs. Eliza Bailey in the land certificate could not be conveyed by her husband alone. Fitts v. Fitts, 14 Texas, 443; Harvey v. Hill, 7 Texas, 595.

3. The estate of E. B. Franklin, under the laws in force at the time of his death, passed to his sisters and brothers of the whole blood, and his brothers of the half blood receiving one-half so much of said estate as the sisters and brothers of the whole blood. Plaintiffs having shown they were heirs of E. B. Franklin, and that the lands were patented to heirs of E. B. Franklin, this put legal title in them, and they should recover, unless defendants showed that they had become owners of that title or acquired title by limitation. Murphy v. Welder, 58 Texas, 235; Williams v. Conger, 49 Texas, 602; Mast v. Tibbles, 61 Texas, 301.

*Charles J. Gillespie*, for appellees. — 1. The power of attorney to Thomas J. Franklin authorized him to delegate the power thus conferred on him to some one else. Collins v. Cooper, 65 Texas, 460; McAlpine v. Casseday, 17 Texas, 463; Meach. on Ag., sec. 6.

2. The land certificate descending as personal property, was subject to the law of domicile of Mrs. Bailey. Hill v. Townsend, 24 Texas, 581; Williams v. Sloan, 75 Va., 138; Schoul. on Dom. Rel., 111; Bish. on Marr. Women, sec. 55; Schoul. on Per. Prop., sec. 91.

3. As to law of descent and distribution at death of E. B. Franklin: Wardlaw v. Miller, 69 Texas, 398; 2 Domat Civ. Law, sec. 2928; Schmidt's Law of Spain and Mexico, 265, sec. 5.

4. The equitable title of defendants was superior to legal title of plaintiffs. Gibbons v. Bell, 45 Texas, 423; Martin v. Parker, 26 Texas, 259; Hunt v. Turner, 9 Texas, 389.

NEILL, ASSOCIATE JUSTICE.—This is a suit in the ordinary form of trespass to try title, brought by the appellants on the 12th day of July, 1890, in the District Court of Edwards County, to recover from the appellee John M. Piper three tracts of land situated in said county, which are described as follows, viz.: One-third of a league of land, patented to the heirs of Elijah B. Franklin on the 3rd day of July, 1847, patent number 458, volume 5; 640 acres of land, patented to the heirs of Elijah B. Franklin on the 3rd day of July, 1847, patent number 56, volume 2, certificate number 1032; and 1280 acres of land, patented to the heirs of Elijah B. Franklin on the 8th day of December, A. D. 1847, certificate number 9486, patent number 247, volume 4.

J. E. Gillespie, M. L. Burton, W. F. Gillespie, David W. Gillespie, and Mary A. Taylor, joined by her husband, Joel M. Taylor, entered an ap-

pearance as defendants, and plead not guilty, and the statutes of limitations of three, five, and ten years. The original defendant, John M. Piper, entered a disclaimer of any interest in the lands, and averred that he was in possession of· the same as the tenant of his codefendants.

The venue of the case was, by agreement, changed to the District Court of Uvalde County, where the case was tried by the court without a jury, and judgment rendered for the defendants, from which judgment this appeal is prosecuted.

The assignments of error relate to the construction of a certain power of attorney, set out in our conclusions of fact, to the admission of certain letters in evidence, also shown in said conclusions, and to the conclusions of fact and law found by the court below; all of which assignments are passed upon by this court in its conclusions of law.

*Conclusions of Fact.*—1. The three tracts of land sued for were patented to the heirs of Elijah B. Franklin on the dates mentioned in the statement of the case.

2. Elijah B. Franklin was an unmarried man, a soldier in the Texas Revolution, and was killed in the battle of San Jacinto. His father, William Franklin, and his mother, Edith, died before he was killed.

3. Elijah B. Franklin left surviving him Peter F. Franklin and· Mary E. Bailey and William F. Franklin, brothers and sister of the whole blood, and Thomas J. Franklin and Bryant P. Franklin, brothers of the half blood of Elijah B. Franklin. He had another brother of the half blood, Burrell W. Franklin, who died in Alabama in 1835.

4. Peter F. Franklin and William F. Franklin, surviving brothers of Elijah B., are plaintiffs in this suit. The plaintiffs John T. Franklin, Nancy E. Williams, Charles C. Campbell, and Martha J. Brown are the heirs at law of Burrell W. Franklin, deceased; and the plaintiffs Amanda F. Williams, Rebecca H. Mullen, Mary E. Lafon, Ann E. Ashworth, Amanda P. Ashworth, Adeline R. Bentley, Cornelia A. Bailey, R. S. Bailey, Edward G. Bailey, Adolphus Bailey, and A. W. Bailey are the heirs at law of Mary E. Bailey, who died in 1847. William G. Bailey, who was the husband of Mary E. Bailey, died in 1847; and Bryant P. Franklin died in 1864, and left no children surviving him.

5. The land certificate by virtue of which the one-third of a league of land in controversy was located was not issued by the Board of Land Commissioners of Fayette County until the 3rd day of February, 1845, and the 1280 acres of land in controversy was surveyed on the ―― day of May, 1847, by virtue of land certificate number 9486.

6. On the 22nd day of October, 1838, Bryant P. Franklin, William Franklin, Peter F. Franklin, and William G. Bailey executed a power of attorney to Thomas J. Franklin, appointing him their attorney in fact,

in which the power granted is in the following language, viz.: "For us and in our names and for our use, for the recovery of a certain tract or parcel of land lying in the State of Texas, which our late brother Elijah B. Franklin is entitled to receive from the Texas Government for services rendered said Government as a soldier in the army thereof, and who was killed in battle bravely fighting the enemies of the Republic. The number of acres to which our deceased brother is entitled is about 4000, as we are informed. We do hereby, for ourselves, our heirs, authorize our attorney, the said Thomas J. Franklin, to take all lawful ways and means for the recovery of said lands; to institute suit, grant receipts and acquittances in our names, but for our use; to appoint one or more attorneys, should he deem it necessary; and in the event of his receiving a grant or patent for said land, to make sale thereof for the best price he can, and to make the necessary conveyance in our names to the purchaser or purchasers thereof, and grant all receipts, acquittances, and discharges which may be necessary and lawful in the premises, and which we or either of us could lawfully make, execute, seal, and deliver were we personally present."

7. On the 8th day of April, 1839, the following instrument was executed, to-wit:

"*The State of Alabama, Morgan County.*—Know all men by these presents, that we, Bryant P. Franklin, of the county of Notaway and State of Virginia (by his attorney in fact for that purpose created, Thomas J. Franklin), Peter F. Franklin, and William G. Bailey and Eliza, his wife, of the county of Lulenburg, by their attorney in fact, Thomas J. Franklin, for this purpose created, and Thomas J. Franklin, of the State and county first above written, for divers good and sufficient reasons thereunto specially moving, have and by these presents do appoint and constitute Robert A. Gillespie, citizen of the Republic of Texas, our true and lawful attorney in fact, for us and in our name to apply to the Government of said Republic, and otherwise as to him may seem fit, for the recovery of certain land lying and being in said Republic, which is due on account of the military services of our late brother, Elijah B. Franklin, rendered to the said Republic, in whose cause he was killed bravely fighting her enemies.

" The number of acres of land to which our late brother was entitled is supposed to be about 4000, and we fully empower our said attorney in fact to grant and execute all receipts or acquittances which may be required; and in case of recovering the land, to make sale of the same, and for us and in our names to execute full and complete titles to the same, and to do and to make everything which may be required either for the recovery or the disposing of said land; to accept or make any arrangement he may think proper; fully authorize him to sign our names or affix

our seals to any manner of instrument necessary in the premises, and deliver the same as though we were personally present; hereby ratifying and confirming all things and acts done or to be done by our said attorney in fact in the premises, in as full and ample manner as if we were personally present.

"In testimony whereof we hereunto sign our names and affix our seal, this the 8th day of April, in the year of our Lord 1839."

Which the parties named signed by their attorney in fact, Thomas Franklin.

8. R. A. Gillespie obtained letters of administration on the estate of E. B. Franklin, deceased, in Fayette County, previous to 1846. After R. A. Gillespie's death, W. F. Gillespie obtained letters of administration de bonis non on said estate. Such administration was obtained for the purpose of procuring patents to lands which E. B. Franklin's heirs were entitled to, or in case he had assigned them, to the persons entitled thereto. W. F. Gillespie was discharged from said administration, and it was closed upon representation to the Probate Court that said patents had been obtained.

9. On the 7th day of October, 1842, the following instrument was executed, which shows that the grantors named therein signed it by their attorney in fact, Thomas J. Franklin, viz.:

"This indenture, made and entered into the 7th day of October, in the year of our Lord 1842, between Thomas J. Franklin of the first part and William F. Gillespie of the second part, witnesseth, that the said Thomas J. Franklin, for and in consideration of the sum of $100, to him in hand paid, the receipt whereof is hereby acknowledged, hath this day sold unto the said William F. Gillespie all the interest in and to a certain tract or portion of lands which is or may be located to Elijah B. Franklin, deceased, in the Republic of Texas, of which R. A. Gillespie has a power of attorney from him, the said Thomas J. Franklin, for himself, as well as the power vested in him by the foregoing power of attorney from Bryant P. Franklin, William Franklin, Peter F. Franklin, and William G. Bailey, for his wife, Eliza, formerly Franklin, to locate, for which services said R. A. Gillespie is to receive one-half for locating and perfecting the title; and by these presents doth bargain, alien, and in-eoff and convey unto the said W. F. Gillespie, his heirs, executors, administrators, and assigns, all that right, title, claim, and demand in and to the above described tracts or parcels of land, as well for the above mentioned brothers and sister as for myself, their heirs, executors, administrators, or assigns, and my heirs, executors, administrators, or assigns, and forever warrant and defend against themselves, their heirs and assigns, and against all other claims whatsoever. Given under my hand and seal, the day and year above written."

This instrument was not properly acknowledged for registration. It was recorded in the records of deeds of Uvalde County on November 13, 1877, and in Edwards County on November 6, 1890. None of the written instruments under which defendants claim the land were ever registered in Edwards County prior to the time this suit was filed.

10. The defendants and those under whom they claim title to the land in controversy have paid taxes on it ever since 1848 up to 1890; but there is no evidence tending to show that any of the plaintiffs or their ancestors were ever informed or knew of the issuance and location of the certificates on the land, or of the power of attorney from Thomas J. Franklin to R. A. Gillespie, or of the deed from said Franklin to W. F. Gillespie, or that the plaintiffs or their ancestors paid taxes on or claimed the land in controversy.

11. At the time of E. B. Franklin's death, Eliza and William J. Bailey resided in the State of Virginia, in which the common law as to descent and distribution then obtained.

12. On the 13th of August, 1853, W. F. Gillespie and his wife, M. A. Gillespie, executed to J. H. Gillespie a deed conveying him an undivided half-interest in the three tracts of land in controversy, describing them by metes and bounds, which deed was not properly acknowledged for registration. This deed was not recorded in Edwards County until after the institution of this suit.

13. On the 17th of May, 1840, R. A. Gillespie wrote a letter to James H. Gillespie in which he made the following statement, viz.: "I have received letters of administration on E. B. Franklin's estate, and have procured his bounty and donation land, amounting in all to 2560 acres. The estate is still entitled to one-third league, but the proper court for issuing such certificate has been annulled, and it can not be obtained until Congress appoints a similar board." R. A. Gillespie, on the 17th of October, 1845, also wrote a letter to J. H. Gillespie, stating that he had located all of "our land claims on the Nueces River, and expect during the fall and winter to have them surveyed." After the death of R. A. Gillespie, his brother, W. F. Gillespie, wrote a letter, dated March 1, 1847, to J. H. Gillespie, stating that he found among R. A. Gillespie's papers eleven certificates located on the Nueces River, but not surveyed, amounting to 9352 acres.

14. The certificates and location of the 1280 acres and 640 acres surveys, and patents therefor, were procured by R. A. Gillespie, under a contract made with him by Thomas J. Franklin, by authority of his power of attorney of October 22, 1838, under which contract the said Gillespie was to receive half of said lands for his services.

15. The defendants M. L. Burton, J. E. Gillespie, William F. Gillespie, David W. Gillespie, and Mary A. Taylor have all the title that Wil-

liam F. Gillespie or Robert A. Gillespie, or either of them, acquired by the written instruments referred to in these findings of fact.

16. At the time of the trial defendants claimed that they owned ten surveys of land lying on the Nueces River, in Edwards County, which includes the three surveys in controversy. The survey of one-third of a league and the 640-acre survey in controversy join each other, and the 1280-acre survey lies two or three miles from the other two.

17. The defendants were not in actual, exclusive, continuous, visible, and notorious possession, cultivating, using, or enjoying the same, of the lands in controversy for ten years prior to the time this suit was instituted.

*Conclusions of Law.*—1. The authority conferred by Bryant P. Franklin and others in their power of attorney to Thomas J. Franklin related only to such land as their deceased brother Elijah " was entitled to receive from the Government of Texas for services rendered as a soldier in the army of said Government." It applied to the 1200 acres bounty and the 640 acres donation warrants, for the deceased was entitled to these for his services as such soldier. But it did not affect the one-third league certificate, for he could not have been entitled to it for services as a soldier, for certificates for that quantity of land were never issued by the Government for military services.

2. The land certificates were personal property; and Mary E. Bailey and her husband being resident citizens of the State of Virginia, where the common law of descent and distribution then obtained, when the right to such certificates descended to her it passed to her husband by virtue of the laws of said State. Therefore the husband was the proper party to sign the power of attorney, and his wife's signature to it was not necessary. Hill v. Townsend, 24 Texas, 581; Schoul. on Dom. Rel., sec. 82.

3. The power of attorney of October 23 authorized Thomas J. Franklin to take all lawful means for the recovery of the lands, to appoint attorneys, and in the event of his receiving a patent, to sell the land. As such power, it carried with it as an incident all the powers that were necessary to carry out the powers directly conferred; and as it was necessary in order to obtain patents to procure the certificates and have them located, the authority to contract with a suitable person to procure and locate them, as well as to pay him for his services therefor in the usual manner, was necessarily implied; and the power conferred on R. A. Gillespie by Thomas J. Franklin by the instrument of April 8, 1839, was authorized by his principals in their power of attorney to him.

4. Upon the death of Elijah B. Franklin, his estate, under the law then in force in Texas, the law of descent and distribution not having been changed until March 18, 1848, passed to his brothers and sister of the whole blood, to the exclusion of his brothers of the half blood; and

Thomas J. Franklin,. Bryant P. Franklin, and Burrell W. Franklin being of the half blood, nothing passed to them nor to the children or heirs of either; but the whole estate vested in . Peter F. Franklin, William R. Franklin, and, Mary E. Bailey, his brothers and sister of the whole blood. Wardlaw v. Miller, 69 Texas, 398.

5. In order to maintain the defense under the ten years statute of limitations, the defendant must prove actual, exclusive, continuous, visible, and notorious possession, distinct and hostile, for the full period of ten years. The appellee having failed to prove such possession during that period, can not defeat such of appellants as inherited the land in controversy from Elijah B. Franklin, on that plea.

6. The effect of the deed of the 7th of October, 1832, made by Thomas J. Franklin under his power of attorney, therein referred to, was, first, to vest, when located, in William F. Gillespie all the interest that he and the grantors in his power had in the 1280 and 640-acre surveys which should be located by virtue of warrants issued to Elijah B. Franklin for services as a soldier in the army of Texas; second, to declare an equitable title in R. A. Gillespie to one-half of said surveys, and to vest the title of the said Gillespie's one-half interest in William F. Gillespie in trust for said equitable owner; third, the said declaration being made by an authorized agent acting within the scope of his authority, was binding on his principals, and being included in the deed, had the same effect as though it was a separate instrument declaring the trust; fourth, Thomas J. Franklin being of the half blood, had no interest in the one-third league survey, and it not being included in his power of attorney, no title to any part of it passed by virtue of said deed, and the declaration in the deed which showed R. A. Gillespie's equity in the other two surveys did not affect it. Bracken v. Jones, 63 Texas, 184; Murphy v. Welder, 58 Texas, 239.

7. When the two surveys were located and patented to the heirs of Elijah B. Franklin, the patents enured to the benefit of William F. Gillespie and the heirs of R. A. Gillespie, the patentees holding the land in trust for them; and such equitable title having been asserted and acted on for thirty years, and the holders of the legal title not having repudiated the trust until this suit was instituted, the appellees' equitable demand was not stale, but could be asserted against and was superior to the legal title. Gibbons v. Bell, 45 Texas, 423; Robertson v. Du Bose, 76 Texas, 10.

8. Burrell W. Franklin being a brother of the half blood of Elijah B. Franklin, inherited nothing from him. Therefore the appellants John T. Franklin, Nancy E. Williams, Charles C. Campbell, and Martha J. Brown, his heirs at law, are not entitled to recover any part of the land in controversy.

9. The evidence otherwise being sufficient to prove that the issuance and location of the certificates were procured and the patents to the lands

obtained by R. A. Gillespie, the admission of the letters referred to in our twelfth conclusion of fact, if error, was immaterial.

10. This court having filed its conclusions of fact, it is unnecessary to pass upon the assignments of error relating to the conclusions of fact found by the court below.

In accordance with the foregoing conclusions of fact and of law, the judgment of the District Court is reversed, and judgment will be here rendered in favor of the appellants Peter J. Franklin, Amanda F. Williams, Rebecca H. Mullen, Mary E. Lafon, Ann E. Ashworth, Amanda P. Ashworth, Adeline R. Bentley, Cornelia A. Bailey, R. S. Bailey, Edward G. Bailey, Adolphus Bailey, A. W. Bailey, and William F. Franklin, against the appellees J. E. Gillespie, M. L. Burton, W. F. Gillespie, David W. Gillespie, and Mary A. Taylor, for the one-third league of land in controversy, and in favor of said appellees against the appellants John T. Franklin, Nancy E. Williams, Charles C. Campbell, and Martha J. Brown; and that as to the other two surveys, the appellants take nothing by their suit.

*Reversed and rendered.*

Delivered November 15, 1893.