## J. W. HEDRICK v. FANNIE Y. KILGORE.

Decided July 3, 1909.

**1.—Appeal—Practice.**

An assignment of error based upon the alleged action of the trial court in overruling appellant's application for a continuance, can not be considered when the record fails to show any order made by the court upon the application.

**2.—Limitation—Enclosure of Part—Charge—Statute Construed.**

In enclosing his own land a defendant in trespass to try title had intentionally enclosed a few acres belonging to an adjacent owner, and by reason of such enclosure and possession asserted title under the ten years statute of limitation to one hundred and sixty acres of said adjacent owner's land; the court charged the jury that the fencing and possession of the few acres in connection with defendant's adjoining tract would not support defendant's claim of title by limitation to land beyond the defendant's actual enclosure, unless such fencing and possession in connection with all the other acts and conduct of the defendant in reference to said land were sufficient for ten years next before the filing of the suit to put a reasonably prudent person on notice that defendant was claiming title to one hundred and sixty acres. Held, the charge was correct and in accordance with articles 3343 and 3344, Sayles Civ. Stats.

Appeal from the District Court of Jack County. Tried below before Hon. J. W. Patterson.

*Nicholson & Fitzgerald,* for appellant.—The charge complained of is erroneous, because it assumes that adverse, continuous, hostile possession of land, cultivating, using or enjoying same, 12 2/5 acres in cultivation and open claim to all the land, using same, was not sufficient to give the owner notice of defendant's claim; and further, said charge is error, because the question of notice to a reasonably prudent person has nothing whatever to do with defendant's right to recover under his plea of limitation of ten years. Haigler v. Pope, 77 S. W., 1039; Sayles' Civ. St., art. 3344; Nativel v. Raymond, 59 S. W., 312, and authorities therein cited; Holland v. Ferris, 107 S. W., 104; Pearson v. Boyd, 62 Texas, 541; Simpson v. Johnson, 46 S. W., 628; Price v. Eardley, 77 S. W., 416.

*Ben L. Cox,* for appellee.

DUNKLIN, Associate Justice.—On July 1, 1903, Mrs. Fannie Y. Kilgore filed suit in trespass to try title against J. W. Hedrick to recover two hundred and sixty-five acres of land situated in Jack County. Upon the trial the only controverted issue was the defense of ten years limitation urged by Hedrick. Upon this plea twelve and two-fifths acres of the land was decreed to him, but plaintiff recovered judgment for the remainder of the tract in controversy, and from this judgment in her favor defendant has appealed.

There is no merit in appellant's first assignment of error complaining of the action of the court in overruling his application for continuance, as the record fails to show any order made by the court upon that application.

The defendant owned land adjoining plaintiff's tract on its west boundary and in fencing his land he also enclosed by the same fence the twelve and two-fifths acres which he recovered and which consisted of a strip off the west side of plaintiff's tract. Defendant testified that he thus encroached upon Mrs. Kilgore's land with the intention at the time of acquiring title by limitation to the entire tract of two hundred and sixty-five acres. He also introduced testimony tending to support his contention that subsequently he enclosed all the land in controversy and held peaceable, adverse and continuous possession thereof under that enclosure, claiming title thereto and using and enjoying the same for more than ten years next before the institution of the suit. The court submitted the issue of limitation of ten years as to the entire tract, and also as to one hundred and sixty acres, including the twelve and two-fifths acres recovered by defendant, in accordance with articles 3343 and 3344, Sayles' Civil Statutes.

In submitting defendant's plea of limitation to the one hundred and sixty acres, including said twelve and two-fifths acres, the jury was instructed that the fencing and possession of the twelve and two-fifths acres in connection with defendant's adjoining tract would not support defendant's claim of title by limitation to land beyond the defendant's original enclosure, "unless such fencing and possession of said twelve

and two-fifths acres of land, in connection with all the other acts and conduct of the defendant, if any, in reference to said land, were sufficient for ten years next before the 1st day of July, 1903, to put a reasonably prudent person on notice that the defendant was claiming title to all the land." This instruction is assailed as going beyond the terms of the statutes above referred to, and as therefore imposing an unwarranted burden upon the defendant. The evidence as to whether or not defendant asserted an adverse claim to any land beyond his original enclosure was sharply conflicting, and there was no error in the instruction. The case of Titel v. Garland, 99 Texas, 201, was similar to this. In that case August Titel, in enclosing his own land, also by the same fence enclosed twelve acres adjoining belonging to Garland, and afterwards claimed title by limitation to one hundred and sixty acres of Garland's land, including the twelve acres fenced. In the opinion rendered in that case Chief Justice Gaines of our Supreme Court, discussing Titel's claim of limitation to the one hundred and sixty acres, said: "It would seem that when one proposes to hold the land of another, which he has neither occupied nor enclosed, by virtue of the statutes of limitation, it should appear that he has exercised some acts of ownership over some definite part thereof calculated to apprize the owner that he is asserting 'a claim of right' thereto, and the extent of that claim." See also article 3349, Sayles' Civil Statutes; Webb v. Lyerla, 43 Texas Civ. App., 124; Bracken v. Jones, 63 Texas, 184.

By his third assignment appellant complains of the court's refusal to give a special instruction to the jury requested by the defendant, in effect that, even though there were breaks in the fence enclosing the entire tract in controversy, still the enclosure would be sufficient within the meaning of the statutes of ten years limitations if there was left standing a sufficient part of the fence to give notice to the world of defendant's adverse claim. The statement in appellant's brief following the assignment, and in support thereof, fails to show any evidence, nor have we found any, of a temporary break in the fence originally constructed as a whole. On the contrary, the testimony of three witnesses—Maxwell, Files and Gibson—mentioned in the statement was that the fence which defendant claims completed his enclosure of the entire tract in controversy was not erected until the summer of 1894, about nine years prior to the institution of the suit, and the testimony of Bloodworth, the only other witness mentioned in appellant's said statement, does not conflict with that of Maxwell, Files and Gibson. The action of the court in refusing the requested charge was therefore correct.

There was ample evidence to support the verdict and the court did not err in overruling defendant's motion for a new trial.

We find no error in the record and the judgment of the trial court is affirmed.

*Affirmed.*

Writ of error refused.