JOHN D. BARTINE ET AL., EXECUTORS, v. ADELINE McELROY ET AL.

Decided November 26, 1909.

1.—Title—Administrator's Sale.

When the sale of land by an administrator is regular, the title passes to the purchaser by virtue of the orders of the Probate Court, the sale and the payment of the purchase money. A deed by the administrator is not indispensable.

2.—Limitation—Possession of Small Part.

An encroachment upon the land of another which does not appropriate a substantial portion of the tract, sufficient in extent to give notice to the owner of an adverse claim to his land by the trespasser, will not support a plea of limitation as to the entire tract. Thus, when an adjoining owner extended his enclosure across the line and enclosed and actually occupied only a fraction of an acre, such occupancy would not support a plea of limitation as to the entire tract of 326 acres.

Appeal from the District Court of Sabine County. Tried below before Hon. W. B. Powell.

*Goodrich & Synnott* and *Greer & Minor,* for appellants.—If defendants were entitled to recover any of the land in controversy it was only such portion of it as was actually enclosed in their orchard. Mooring v. Campbell, 47 Texas, 41; Bracken v. Jones, 63 Texas, 186.

*E. P. Padgett* and *Tom C. Davis,* for appellees.

PLEASANTS, CHIEF JUSTICE.—This is an action of trespass to try title brought by appellants as executors of the estate of Wm. M.

Rice, deceased, against Mrs. Adeline McElroy, widow, and other defendants, who are children and heirs of Wm. W. McElroy, deceased. The land involved is a tract of 326½ acres on the Larkin Groce league, in Sabine County.

At the time of his death Wm. W. McElroy owned a tract of 720 acres of land on the league above mentioned, which included the tract in controversy. The appellee, Mrs. McElroy, was appointed administratrix of the estate of Wm. W. McElroy, and said estate was administered by her under the orders of the County Court of Sabine County. In this administration a tract of 200 acres out of the 720 acres was set apart to the widow and minor children of the deceased as a homestead by an order of the court made in 1878. Thereafter, in January, 1880, the administratrix, acting under the orders of the court, sold the remaining 520 acres of the 720-acre tract to J. W. McElroy. The application, order of sale, report and confirmation all appear to be regular. Plaintiffs introduced in evidence a deed from the administratrix conveying the 520 acres to John W. McElroy. This deed is dated February 14, 1880, and was duly recorded March 3, 1880. It is in the usual form of an administrator's deed and recites the order of the court by which the sale was made and confirmed, and the compliance by the purchaser with the terms of the sale, and describes the land thereby conveyed as the same land described in the deed from L. H. Seelig, administrator, to W. W. McElroy, less the 200 acres theretofore set aside as a homestead. The Seelig deed here referred to describes the 720 acres before mentioned by metes and bounds. Thereafter, on December 13, 1881, John W. McElroy conveyed 326½ acres of this 520 acres to Benjamin F. Van Meter, describing same by metes and bounds. This deed was duly recorded in March, 1882. Appellants hold the Van Meter title through a regular chain of conveyances.

On February 18, 1893, John W. McElroy executed and delivered to appellee, Adeline McElroy, the following deed:

"The State of Texas,
  County of Sabine.
  "Know all men by these presents, That I, J. W. McElroy, of the county of Sabine and State aforesaid, for and in consideration of the sum of One Hundred and Fifty Dollars to me in hand paid by Adeline McElroy, have granted, sold and conveyed and by these presents do grant, sell and convey unto the said Adeline McElroy, of the county of Sabine and State of Texas, all the certain tract of land, it being all my interest in the Wm. McElroy tract of land situated in Sabine County, Texas, on the Groce league, embracing all the land deeded to me by order of court as administrator of Wm. McElroy, deceased, estate. To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Adeline McElroy, her heirs and assigns forever; and I hereby bind myself, my heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Adeline McElroy,

her heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness my hand at Vesta, Texas, this 18th day of February, A. D. 1893.

"(Signed) J. W. McElroy."

This deed was recorded on March 11, 1899.

Appellee Mrs. McElroy has resided on the 200-acre tract set apart to her as a homestead for about thirty years. This 200-acre tract is west of the 326½ acres in controversy, and is separated therefrom by a narrow strip of land which is a part of the original 720-acre tract. Since 1893 appellee's enclosure around her improvements on the 200-acre tract has extended across the narrow strip before mentioned and includes a small portion of the 326½-acre tract. The extent of this encroachment is estimated at from one-eighth to one-half acre. It is in shape a triangle having a base line of ten varas and the apex being 100 varas from the base. Portions of this triangle have been continuously cultivated by the appellee since 1893. The possession, use and cultivation of this triangular shaped portion of the land is the only possession or use by appellee of the 326½ acres in controversy shown by the evidence, except the cutting of timber therefrom for domestic purposes, and the erection and maintenance of a neighborhood schoolhouse thereon by permission of appellees. Appellee Mrs. McElroy continuously claimed the 326½ acres, and her claim thereto was generally known, but is not shown to have been brought to the knowledge of appellants or those under whom they claim.

The trial in the court below by a jury resulted in a verdict and judgment in favor of defendants.

The only issues submitted to the jury were the forgery of the deed from Mrs. McElroy, administratrix, to John W. McElroy, and the issue of limitation of ten years, and the jury were instructed in event they found for the defendants to state in their verdict whether the finding was "on the issue of forgery or on limitation, or both." The verdict is as follows: "We, the jury, find in favor of the defendants on the plea of limitation for the land sued for."

It is conceded by the able counsel for appellees that this verdict settles the question of forgery; and further, that such issue in any event is immaterial because the title to the land passed to John W. McElroy under the orders of the Probate Court and the sale made thereunder independent of the deed of the administratrix, the evidence showing that said McElroy paid the purchase money and in all respects complied with the terms of the sale. The conclusion we have reached upon the question of the sufficiency of the evidence to sustain the defendants' plea of title by limitation renders a discussion of the various assignments of error unnecessary.

It is contended by appellants that the possession of the land shown by the undisputed evidence is not of that "visible, notorious, distinct and hostile" character which is necessary to support a plea of title by limitation. We think this contention should be sustained. As before said, the only possession of the land by appellees was of a

narrow, triangular strip, only a fraction of an acre, enclosed with other land on the adjoining tract owned and cultivated by appellees, and we think it clear that the possession of this strip enclosed in this way was not sufficient to put appellants or those under whom they claim upon notice that appellees were claiming the 326½ acres of land owned by appellants. The land so held by appellees was not a substantial part of appellants' tract, and if we gave full effect to the rule which charges the owner with knowledge of the location of the boundaries of his land, it can not be said that appellants could reasonably have presumed, had they gone upon their land and seen this encroachment by appellees, that the appellees intended thereby to claim all of the 326½ acres or any part thereof outside of their enclosure. It is well settled that an encroachment of this kind which does not appropriate some substantial portion of the land, sufficient in extent to give notice to the owner of an adverse claim to his land by the trespasser, will not support a plea of limitation. (Bracken v. Jones, 63 Texas, 184; Tucker v. Smith, 68 Texas, 473; Downs v. Powell, 54 Texas Civ. App., 119; Titel v. Garland, 99 Texas, 201; McAdams v. Moody, 50 S. W., 629; Jones v. Weaver (recently decided by this court).)

We do not think reasonable minds can differ in the conclusion that the possession of appellees was, under the rules above stated, insufficient to give appellants notice of their adverse claim; and the evidence being undisputed and fully developed upon this issue it follows that the judgment of the court below should be reversed and judgment here rendered in favor of appellants for all of the 326½ acres of land sued for except that portion before described which is in the actual possession of appellees, and it has been so ordered.

*Reversed and rendered.*