HOUSTON OIL CO. OF TEXAS et al. v. PATTERSON.   (No. 288.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 19, 1917. Rehearing Denied Jan. 23, 1918.)

ADVERSE POSSESSION ⟨⟩100(1)—EXTENT OF POSSESSION—POSSESSION UNDER CONVEYANCE.

Where plaintiff's predecessor in title bought the whole of a survey which conflicted with another survey, nothing being known of the conflict at the time, and went into possession claiming the whole survey and using parts of it in the conflict and other parts not in the conflict, and extended his invasion of the senior survey by clearing up and fencing additional land in two different places, his adverse possession extended to the whole of the conflict.

Error from District Court, Hardin County; L. B. Hightower, Judge.

Suit by M. L. Patterson against the Hous-

ton Oil Company of Texas and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Kennerly, Williams, Lee & Hill, of Houston, for plaintiffs in error. D. F. Singleton, of Kountze, for defendant in error.

BROOKE, J. M. L. Patterson filed suit in trespass to try title for a part of the Louis Boullette 320-acre survey, described as follows:

"Beginning at the original northwest corner of said Louis Boullette survey, which is the southeast corner of the P. S. Watts survey, said P. S. Watts being originally the Reuben Pussey survey; thence east 682 varas cross the supposed west line of F. P. Elliott league, and continuing east 1,344 varas in all to the original northeast corner of said Boullette survey; thence south on the east line of said Boullette survey 904 varas to Beaumont creek; thence up said creek to the mouth of a branch which is the dividing line between M. L. Patterson and Olive Sternenberg & Co.; thence up said branch to the west line of said Boullette survey, which is the east line of Joseph Landis survey No. 3; thence north with the dividing line between the said Landis and Boullette survey 648 varas to the place of beginning."

In addition to the usual allegations, plaintiff pleaded title by limitation, and asked for an injunction restraining the Houston Oil Company of Texas and the Kirby Lumber Company from cutting the timber from said land. Judgment was entered for plaintiff for the land in controversy.

This case was tried before the court without a jury, and the court filed his findings of fact and conclusions of law, as follows:

"Request having been made by the defendant in the above-styled cause for the findings of fact and conclusions of law in said cause, I hereby file the following as my findings and conclusions:

"(1) I find that the Lewis Boullette survey was patented by the state of Texas to Lewis Boullette on the ―― day of March, 1847. I find that on December 14, 1859, Lewis Boullette, the original grantee, conveyed said survey to M. Brackin, and that by regular chain of transfers title is now held by the plaintiffs in this suit.

"(2) I find that the Lewis Boullette survey conflicted with the F. P. Elliott league to the extent of something over 600 varas on the east; that is, that the eastern part of the Lewis Boullette survey was actually located and surveyed to the extent of over 600 varas on the west end of the F. P. Elliott league, and the Elliott league is the senior survey.

"(3) I find that M. Brackin went into possession of said Lewis Boullette survey on or about January 1, 1860, and immediately commenced the cultivation of a field on said survey consisting of 50 or 60 acres, and that within said field there was about 15 acres of land on the conflict between the Boullette and the Elliott surveys, and that said 15 acres field was continuously held, possessed, cultivated, and enjoyed by the said Brackin from January 1, 1860, until some time in March, 1872, at which time the said M. Brackin died, and that M. Brackin's widow, now Mrs. M. L. Patterson, continued to use, cultivate, and possess and enjoy said 15 acres of land on said conflict until 1884; that the said M. L. Brackin, widow of the said M. Brackin, cultivated said 15 acres of land by hired labor until 1875, when she married Patterson, and that the said Patterson, the husband of said M. L. Brackin, cultivated the same until 1884.

"I conclude from the foregoing findings of fact that M. Brackin had matured title to all of the land in conflict between the Lewis Boullette and F. P. Elliott surveys under the three-year statute of limitation, and that possession of the part now claimed by M. L. Patterson, and which is involved in this suit, was continued under the said M. L. Patterson and her husband, H. T. Patterson, a sufficient length of time to complete and perfect title to all of said conflict of that part now claimed by M. L. Patterson, under the ten-year statute of limitation, and that therefore the plaintiff in this suit is entitled to recover, and judgment is given accordingly."

It is conceded that the findings of fact are amply supported by the evidence.

Appellant's first assignment of error is as follows:

"The court erred in not rendering judgment for the defendant as the owner of the record title to the senior survey, because, as shown by the undisputed evidence and the findings of fact, the possession by the owners of the Boullette survey of that part of same in conflict with the Elliott league consisted entirely of the possession, cultivation, and use of a field which lay partly on the Elliott and partly off of same, and was adjoining and was incidental to the residence houses and all other improvements which were situated entirely without the Elliott league, and such possession as was held on the Elliott league was merely subsidiary and incidental to, and therefore referable to, the home and place of residence, and was therefore insufficiently distinct to afford a basis for the acquisition under the statutes of limitation of more of the adjoining survey than was actually so possessed and used throughout the statutory period."

It is insisted that the decision in Bailey v. Kirby Lumber Company, 195 S. W. 221, applies to the instant case. On the contrary, it is insisted that this case is in no wise analogous to the cases of Bracken v. Jones, 63 Tex. 184, Holland v. Nance, 102 Tex. 177, 114 S. W. 346, and that line of cases known as encroachment cases, nor is this case in any wise analogous to the case of Bailey v. Kirby Lumber Company, supra. Inasmuch as the writer was the author of the opinion in the Bailey Case, it is sufficient to say that, in our judgment, the present case, like a great many others, is dependent upon the facts in the particular case itself. We have no hesitation in saying that it is not such a case as the Bailey v. Kirby Lumber Company Case.

Plaintiff's predecessor in title bought the whole Boullette survey from the patentee in December, 1859, and immediately went into possession. At that time nothing was known of any conflict between the Boullette survey and the Elliott League, and the then owner of the Boullette went into possession, claiming the whole survey against the world, using parts of said survey in conflict and other parts not in conflict with the Elliott. Furthermore, immediately after going into possession, he extended his invasion of the senior survey by clearing up additional land in two different places which he fenced, and thus emphasized his claim, thereby giving

unmistakable notice to the world of the extent of his claim.

We find no difficulty in holding in this case that the trial court was not in error in holding that the law was with the appellee. We are still of opinion and adhere to the holding in the case of Bailey v. Kirby Lumber Company, but we see no occasion to and will not go into detail and discuss the differences between the facts in that case and in the instant case. Suffice it to say we believe that the lower court was not only correct in his findings of fact, but in his conclusions of law, and, there being no error in his action, the case is in all things affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes