HOUSTON OIL CO. OF TEXAS v. OLIVE STERNENBERG & CO. (No. 287.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 19, 1917. Rehearing Denied Jan. 23, 1918.)

ADVERSE POSSESSION ⬅103 — EXTENT OF POSSESSION—CONFLICTING SURVEYS.

Where the purchaser from the patentee of the B. survey, conflicting with an earlier, the E. survey, not knowing of the conflict, went into possession, claiming the whole survey, using parts of it in conflict and other parts not in conflict, with the E., and cleared and fenced other parts, he acquired by such possession, for the requisite time, title by limitations to all the parts in conflict.

Error from District Court, Hardin County; L. B. Hightower, Sr., Judge.

Action by Olive Sternenberg & Co. against the Houston Oil Company of Texas. Judgment for plaintiff, and defendant brings error. Affirmed.

Kennerly, Williams, Lee & Hill, of Houston, for plaintiff in error. D. F. Singleton, of Kountze, for defendant in error.

BROOKE, J. Olive Sternenberg & Co., a firm composed of V. A. Petty and Emma Sternenberg, sued in trespass to try title for a part of that tract or parcel of land containing 320 acres granted to Lewis Boullette by the state of Texas, by patent bearing date the 20th of December, 1847, the parts sued for being more particularly described as follows: "Beginning at the southwest corner of the Boullette survey, which is also the southeast corner of the Joseph Landis survey No. 3; thence east with the south line of said Boullette survey at 702 varas cross the supposed west line of the F. P. Elliott league of land and at 1,344 varas, the southeast corner of the Boullette survey; thence north with the east line of said survey to Beaumont creek for corner; thence up said creek to the mouth of the branch which runs south of the old M. Brackin homestead place for corner; thence up said branch crossing west line of the Elliott league to the west line of the Boullette survey and corner; thence south with the west line of said survey, which is also the east line of the Landis survey, to the place of beginning."

In addition to the usual allegations of trespass to try title, plaintiffs pleaded title to the Boullette survey by three, five and ten years statutes of limitation. Defendant answered, disclaiming as to all the land sued for except that part of same which was in conflict with the Elliott and Hampton leagues, and as to such part in conflict it pleaded in addition to its other titles, title by limitation, but failed to substantiate the limitation claim. Judgment was entered for plaintiffs for all the land sued for. The cause was tried before the court without a jury, and the following findings of fact and conclusions of law were filed:

"Request having been made by the defendant for findings of fact and conclusions of law in the above-styled cause, I hereby file the following as my findings and conclusions:

"(1) I find that the Lewis Boullette survey was patented by the state of Texas to Lewis Boullette on the 20th day of March, 1847. I find that on December 14, 1859, Lewis Boullette, the original grantee, conveyed said survey to M. Brackin, and that by regular chain of transfers title is now held by the plaintiffs in this suit.

"(2) I find that the Lewis Boullette survey conflicted with the F. P. Elliott league to the extent of something over 600 varas on the east, * * * that is, that the eastern part of the Lewis Boullette survey was actually located and surveyed to the extent of over 600 varas on the west end of the F. P. Elliott league, and the Elliott league is the senior survey.

"(3) I find that M. Brackin went into possession of said Lewis Boullette survey on or about January 1, 1860, and immediately commenced the cultivation of a field on said survey consisting of 50 or 60 acres, and that within said field there was about 15 acres of land on the conflict between the Boullette and the Elliott sur-

veys, and that said 15-acre field was continuously held, possessed, cultivated, and enjoyed by the said Brackin from January 1, 1860, until some time in March, 1872, at which time the said M. Brackin died, and that M. Brackin's widow, now Mrs. M. L. Patterson, continued to use, cultivate, and possess and enjoy said 15 acres of land on said conflict until 1884; that the said M. L. Brackin, widow of the said M. Brackin, cultivated said 15 acres of land by hired labor until 1875, when she married Patterson; and that the said Patterson, the husband of said M. L. Patterson, cultivated the same until 1884. I find that on the 24th day of April, 1872, M. L. Brackin, widow of M. Brackin, conveyed to W. G. Brackin, son and only heir of M. Brackin, the land in controversy in this suit, ,and that the said W. G. Brackin immediately went into possession of said land; that prior to the death of M. Brackin he had cleared a field south of the branch which is the present dividing line between the plaintiffs in this suit and M. L. Patterson, and that said field had been continuously cultivated from some time during the war up to the death of M. Brackin, and that immediately after the death of M. Brackin, W. G. Brackin went into possession of said field south of the branch and east of the Elliott west line, and continued to use, cultivate, possess, and enjoy said land so situated on said conflict until the year 1879.

"I conclude as a matter of law that under the facts above found M. Brackin had matured title under the three-year statute of limitation to all of the Boullette survey which was in conflict south of the branch, having been continued in W. G. Brackin till the year 1879; that title thereto was matured under the ten-year statute of limitation.

"Therefore I conclude that plaintiff is entitled to recover all of the land involved in this suit under both the three and ten year statute of limitation, and give judgment accordingly."

It is conceded that the findings of fact are amply supported by the evidence.

The first assignment is as follows:

"The court erred in not rendering judgment for the defendant as the owner of the record title to the senior survey, because, as shown by the undisputed evidence and the findings of fact, the possession by the owners of the Boullette survey of that part of same in conflict with the Elliott league consisted entirely of the possession, cultivation, and use of a field which lay partly on the Elliott and partly off of same, and was adjoining and was incidental to the residence houses and all other improvements which were situated entirely without the Elliott league, and such possession as was held on the Elliott league was merely subsidiary and incidental to, and therefore referable to, the home and place of residence, and was therefore insufficiently distinct to afford a basis for the acquisition under the statutes of limitation of moke of the adjoining survey than was actually so possessed and used throughout the statutory period."

It is insisted that the decision in Bailey v. Kirby Lumber Company, 195 S. W. 221, applies to the instant case. On the contrary, it is insisted that this case is in no wise analogous to the case of Bracken v. Jones, 63 Tex. 184, Holland v. Nance, 102 Tex. 177, 114 S. W. 346, nor that line of cases, known as encroachment cases, nor is this case in any wise analogous to the case of Bailey v. Kirby Lumber Company, supra. Inasmuch as the writer was the author of the opinion in the Bailey Case, it is sufficient to say that in our

judgment the present case, like a great many others, is dependent upon the facts in the particular case itself. We have no hesitation in saying that it is not such a case as the Bailey v. Kirby Lumber Company Case.

Plaintiffs' predecessor in title bought the whole Boullette survey from the patentee in December, 1857, and immediately went into possession. At that time nothing was known of any conflict between the Boullette survey and the Elliott league, and the then owner of the Boullette went into possession, claiming the whole survey against the world, using parts of said survey in conflict and other parts not in conflict with the Elliott. Furthermore, immediately after going into possession, he extended his invasion of the senior survey by clearing up additional land in two different places which he fenced, and thus emphasized his claim, thereby giving unmistakable notice to the world of the extent of his claim.

We find no difficulty in holding in this case that the trial court was not in error in holding that the law was with the appellee. We are still of opinion and adhere to the holding in the case of Bailey v. Kirby Lumber Company, but we see no occasion to and will not go into detail and discuss the differences between the facts in that case and in the instant case. Suffice it to say we believe that the lower court was not only correct in his findings of fact, but in his conclusions of law, and, there being no error in his action, the case is in all things affirmed.

